FILED

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA** 11: 37
**OCALA DIVISION**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346

JOSE MONTALBAN

Inmate # 11497-179

**(Enter full name of Plaintiff)**

VS.

CHarles E. Samuels, et. Al.

_____

_____

_____

_____

**(Enter name and title of each Defendant.**

**If additional space is required, use the**

**blank area below and directly to the right.)**

CASE NO: 5.16-CV-405-OC-10 PRL

**(To be assigned by Clerk)**

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I.   PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   _____

Inmate Number   _____

Prison or Jail:   _____

Mailing address:   _____

_____

_____

## II.   DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for every Defendant:

(1)   Defendant's name:   _____

Official position:   _____

Employed at:   _____

Mailing address:   _____

_____

(2)   Defendant's name:   _____

Official position:   _____

Employed at:   _____

Mailing address:   _____

_____

(3)   Defendant's name:   _____

Official position:   _____

Employed at:   _____

Mailing address:   _____

_____

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

**NOTE: THE COURT WILL NOT REVIEW THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED <u>IN FULL</u>.**

**III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Pursuant to 42 U.S.C. § 1997e(a), exhaustion of administrative remedies is required prior to initiating a civil rights action which alleges unlawful conditions or events in any prison, jail, or detention center. Copies of all grievances, appeals, and responses must be submitted to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

**A.    DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FEDERAL BUREAU OF PRISONS?**

        Yes( ✓ )              No( )

[If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

**1.    Informal Grievance**

**a.**    Did you submit an informal grievance?

        Yes( ✓ )              No( )

    ❖ If so, you must attach a copy of the grievance and response; exhibit ____.

**b.**    If not, why? _____

**2.    Formal Grievance**

**a.**    Did you submit a formal grievance?

        Yes( ✓ )              No( )

    ❖ If so, you must attach a copy of the grievance and response; exhibit ____.

**b.**    If not, why? _____

**3.    Appeal to the Regional Director of the Bureau of Prisons**

**a.**    Did you submit an appeal to the Regional Director?

        Yes( ✓ )              No( )

    ❖ If so, you must attach a copy of the appeal and response; exhibit ✓ .

**b.**    If not, why? _____

**4.    Appeal to the General Counsel of the Bureau of Prisons**

3

a.  Did you submit an appeal to the General Counsel of the Bureau of Prisons?

   Yes(✓)                    No( )

   ◆ If so, you must attach a copy of the appeal and response; exhibit _____.

b.  If not, why? _____

5.  **Disciplinary Actions**

a.  Did you have a disciplinary hearing concerning this matter?

   Yes( )                    No( )

   ◆ If so, you must attach a copy of the disciplinary report and disciplinary
     hearing team's findings and decision to this form; exhibit _____.

b.  Did you lose good time as a result of the disciplinary hearing?

   Yes( )                    No( )

c.  Has the good time since been restored?

   Yes( )                    No( )

B.  **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY
    JAIL OR DETENTION CENTER?**

   Yes( )                    No( )

   [If your answer is NO, proceed to Section IV of the complaint form.
   If your answer is YES, answer the following questions.]

1.  Is there a grievance procedure at your institution or jail?

   Yes( )                    No( )

   [If your answer is NO, proceed to Section IV of the complaint form.  If your
   answer is YES, answer all of the following questions in this subsection.]

2.  Did you submit a grievance concerning the facts relating to your complaint?

   Yes( )                    No( )

3.  If your answer to the above question is YES:

4

a. What steps did you take? _____

b. What were the results? _____

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4.  If your answer is NO, explain why not: _____

_____

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTE:  FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES
MAY RESULT IN THE DISMISSAL OF THIS CASE.**

**IV.   PREVIOUS LAWSUITS**

**A.   Have you initiated other actions in state court dealing with the same or similar
facts/issues involved in this action?**

Yes(   )                    No( ✓ )

1. Type of action (civil rights, habeas corpus, etc.): _____
2.  Parties to previous action:
     a.   Plaintiff(s): _____
     b.   Defendant(s): _____
3. County and judicial circuit: _____
4. Case docket #: _____
5. Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Basis of dismissal: _____
8. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list state court cases.)**

B.  Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?

Yes( )                         No( )

1. Type of action (civil rights, habeas corpus, etc.): _____
2. Parties to previous action:
   a.  Plaintiff(s): _____
   b.  Defendant(s): _____
3. District and judicial division: _____
4. Case docket #: _____   5.  Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Basis of dismissal: _____
8. Facts and claims of case: _____
   _____

**(Attach additional pages as necessary to list other federal court cases.)**

C.  Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                         No( )

If YES, describe each action in the space provided below.  If more than one, describe all additional cases on a separate piece of paper, using the same format as below.

1. Type of action (civil rights, habeas corpus, etc.): _____
2. Parties to previous action:
   a.  Plaintiff(s): _____
   b.  Defendant(s): _____
3. District and judicial division: _____
4. Case docket #: _____   5. Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Reason for dismissal: _____
8. Facts and claims of case: _____
   _____

**(Attach additional pages as necessary to list cases.)**

6

**D.** Have you ever had, either while you were incarcerated or while you were not incarcerated, any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(   )                    No(   )

1. Type of action (civil rights, habeas corpus, etc.): _____
2. Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____
3. District and judicial division: _____
4. Name of judge: _____ Case Docket # _____
5. Approximate filing date: _____ Dismissal date: _____
6. Reason for dismissal: _____

**(Attach additional pages as necessary to list cases.)**

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

- Continue to next page -

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated.  Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

_____

_____

_____

_____

_____

_____

_____

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

_____

_____

_____

_____

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

JUNE 15 16                              JUNE 15 16
_____                   _____
   **(Date)**                            **(Signature of Plaintiff)**

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the __15__ day of ____JUNE____, 20_16_.

                                        JUNE 15 16
                            _____
                               **(Signature of Plaintiff)**

Revised 07/02

9

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

JOSE MONTALBAN,                                    (
     Plaintiff                               (
                                                  (
Vs.                                               (
                                                  (
CHARLES E. SAMUELS, JR., Director of              (
the Federal Bureau of Prisons;                    (
MR.        SCHULTZ Warden of USP                  (
Canaan;                                           (
MS. TAMYRA JARVIS, Warden of USP-1                (
Coleman;                                          (
MR. JOHN DOE, Associate Warden of USP             (        **CIVIL ACTION/**
Canaan;                                           (        **COMPLAINT NO.:**
MR.        MILLER, Associate Warden of            (
USP-1 Coleman;                                    (
JOHN DOE, Unit Manager for E-2 Housing            (        _____
Unit at USP-Canaan;                               (
MR.      BOLLEY, Unit Manager for B-              (
Housing Unit at USP-1 Coleman;                    (
JANE DOE, Case Manager for E-2 Housing            (
Unit at USP Canaan;                               (
MR.    SMITH, Case Manager for B-Housing          (
Unit at USP-1 Coleman;                            (
JOHN DOE, Correctional Counselor for E-2          (
Housing Unit at USP Canaan;                       (
MR.      MCCLAIN, Correctional Counselor          (
for B-Housing Unit at USP-1 Coleman;              (
MR.    POWELL, ANTHONY PEDONE, USP Canaan's       (
Operations Lieutenant(s);                         (
JOHN DOE(S), USP-1 Coleman's SIS Lieutenant(s);   (
ANDREW WISNIEWSKI, MARK BRENNAN, USP Canaan's     (
Food Service Specialists;                         (
COREY VRABEL, JASON GLOSSENGER, WILLIAM VERBYLA,  (
MR.     MODROFF, MR.    COX, AND 14+ JOHN DOE     (
Correctional Officers at USP Canaan;              (
BONNIE NOWAKOWSKI, MDO., WALTER DOBUSHAK, DO.,    (
KENNETH KAIDER, PA-C, PATRICIA BURGERHOFF, RN.,   (
MR. M. KABONICK, EMT-P, JARRETT TUTTLE, EMT-P,    (
TIMOTHY BARON, PARAMEDIC, Health Service's        (
Medical Providers at USP Canaan;                  (
MARK TIDWELL, MD, S. NIKBAKHT, MLP, JESSE         (
MCALLISTER, PA-C, MS. LOPEZ, HIT, MS. GARCIA AHSA,(
C. DONATO, HSA, Health Service's Medical          (
Providers at USP-1 Coleman;                       (
All FBOP Staff from USP Canaan & USP-1 Coleman in (
their individual and official capacities,         (
                    Defendants              (

## I.  **JURISDICTION & VENUE**

**1.**     This is a civil action authorized by 42 U.S.C. § 1983
to redress the deprivation, under color of state/federal law,
of rights secured by the Constitution of the United States.
The court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3).
Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201
and 2202.  Plaintiff's claims for injunctive relief are authorized
by 28 U.S.C. § 2283 & 2284 and Rule 65 of the Federal Rules
of Civil Procedure.

**2.**     The United States District Court for the Middle District
of Florida, Ocala Division is an appropriate venue under 28
U.S.C. § 1391(e)(3), pursuant to this Rule: A civil action in
which a defendant is an officer or employee of the United States
or any agency thereof acting in his official capacity or under
color of legal authority, or an agency of the United States,
or the United States, may, except as otherwise provided by law,
be bought in **any** judicial district in which...(3) the plaintiff
resides if no real property is involved in the action.    With the
Defendants all in their official capacity being FBOP officers and
employees of the United States, and the Plaintiff now residing in
USP-1 Coleman in Coleman, Florida gives this court jurisdiction
and authority to hear this civil action complaint.

## II.  PLAINTIFF

**3.**     Plaintiff, Jose Montalban, is and was at all times mentioned
herein this complaint, an inmate under the custody of the Federal
Bureau of Prisons (hereinafter referenced as the FBOP) and a
prisoner of the United States of America where his complaint arises

**(2)**

while in custody at USP Canaan in Waymart, Pennsylvania, and later transferred to USP-1 Coleman in Coleman, Florida where his issues continued.  During the periods alleged herein Plaintiff was either residing at USP Canaan or USP-1 Coleman and is currently still held at USP-1 Coleman in Coleman, Florida.

### III.  DEFENDANTS (USP CANAAN)

**4.**     Defendant, Charles E. Samuels, is and was at all times to during the periods alleged within this complaint the Director of the FBOP of the United States of America.  He is legally responsible for the overall operations of the FBOP and each and every institution under its jurisdiction, including USP Canaan in Waymart, Pennsylvania where the complaint arises and originated.

**5.**     Defendant, Mr.         Schultz is the Warden of USP Canaan. He is legally responsible for the orderly and safe running of USP Canaan,  his duties are to assure all staff and inmates alike under his watch are accounted for and held responsible for their day-to-day duties and activities.  He is the Chief Operating Officer who oversees that all departments and their supervisors are to perform their duties according to FBOP Policy and Regulations.  He is the apex of inmate resolution and authority in their custody, duties, recreation and overall well-being.

**6.**     Defendant, John Doe is the Associate Warden of USP Canaan. He is second-in-command to the Warden and is responsible for the oversight and management of staff and inmate duties and activities on a day-to-day basis.  He is the liaison between staff, inmates and the Warden in resolving issues informally prior to formal resolution and Administrative Remedy filings.

**7.**     Defendant, John Doe is the Unit Manager for E-2 Housing

**(3)**

Unit at USP Canaan.  He is legally responsible for all daily E-2 Housing Unit Team staff, Housing Correctional Officers, and all inmates residing in E-2 Housing Unit's day-to-day operations, programs and activities, along with the overall welfare and safety of all the inmates under his care.

8.      Defendant, Jane Doe is the Case Manager of E-2 Housing Unit at USP Canaan.  She is legally responsible for all inmate casework services, and other issues and materials relating to an inmate's confinement.  The Case Manager serves as a liaison between the inmate, the Administration, and the Community.

9.      Defendant, John Doe is the Correctional Counselor for E-2 Housing Unit at USP Canaan.  He is legally responsible for providing counseling and guidance for all E-2 Housing Unit inmates in the areas of personal difficulties, institutional adjustment, and is the individual to approach for daily problems.  As a Senior Correctional Officer and staff member, the Counselor provides leadership and guidance to other Correctional Officers and staff members of E-2 Housing Unit.

10.     Defendants, Anthony Pedone & Mr.    Powell are Operations Lieutenants at USP Canaan.  They are legally responsible to assure that all inmates and staff are protected and in obeyance of all FBOP Policy and Local Procedures and Regulations to assure and maintain the safe and orderly running of the institution on a day-to-day basis.  They are ultimately the authority in all institution Correctional Officer's decisions and actions taken, and are to keep an accountability of inmates and staff alike to assure the safe keeping and running of USP Canaan.

11.     Defendants, Andrew Wisniewski & Mark Brennan are Food Service Specialists at USP Canaan.  They are legally responsible

(4)

for the day-to-day Food Service preparation of inmate and staff meals served in the Main Dining area or the Officer's Mess area. They are to assure that all food preparation is up to local and federal health standards and that all food items are fresh and consumable. They assure that the inmates are well taught in the handling and usage of all machines, ovens, etc. and keep all inmates safe and accounted for during the entire days operations.

12.    Defendants, Corey Vrabel, Jason Glossenger, William Verbyla, Mr.    Modroff, Mr.    Cox, and 14+ John Doe Correctional Officers at USP Canaan. They are legally responsible for the day-to-day inmate activities, programs, obeyance of Policy and Procedures, security, movements and liaisons to Senior Correctional Officers and inmates pertaining to safety and private concerns. They are the first responders to any/or all emergencies, body alarm alerts, or system/institution malfunction or disorder that may arise. They are to maintain safety and control at all times and assure that the inmate population is conformity with said control.

13.    Defendants, Bonnie Nowakowski M.DO., Walter Dobushak, DO., Kenneth Kaider, PA-C, Patricia Burgerhoff, R.N., M. Kabonick, EMT-P, Jarrett Tuttle, EMT-P, Timothy Baron, Paramedic are Health Services Medical Providers at USP Canaan. They are legally responsible for the overall Medical/Mental health of the inmate population. They are the medical professionals whom any inmate at designated times can request medical attention and must be provided such treatment in compliance with local/state/federal law and policy. These medical professionals are bound by their oaths (Hippocratic Oath, Nuremberg Code, and Code of Patient Privacy Act) and sworn to uphold those oaths.

## IV. DEFENDANTS (USP-1 COLEMAN)

14.     Defendant, Charles E. Samuels, is and was at all times during the periods alleged within this complaint the Director of the Federal Bureau of Prisons of the United States of America. He is legally responsible for the overall operations of the FBOP and each and every institution under its jurisdiction, including USP-1 Coleman in Coleman, Florida where the complaint continued and is ongoing to date.

15.     Defendant, Ms. Tamyra Jarvis, is the Warden at USP-1 Coleman. She is legally responsible for the orderly and safe running of USP-1 Coleman, her duties are to assure all staff and inmates alike under her watch are accounted for and held responsible for their day-to-day duties and activities. She is the Chief Operating Officer who oversees that all departments and their supervisors are to perform their duties according to FBOP Policy and Regulations. She is the apex of inmate resolutionand authority in their custody, duties, recreation and overall well-being.

16.     Defendant, Mr.     Miller, is the Associate Warden at USP-1 Coleman. He is second-in-command to the Warden and is responsible for the oversight and management of staff and inmate duties and activities on a day-to-day basis. He is the liaison between staff, inmates and the Warden in resolving issues informally prior to formal resolution and Administrative Remedy filings.

17.     Defendants, Mr.     Bolley was the Unit Manager for B-Unit at USP-1 Coleman. He is legally responsible for all daily B-Unit Unit Team, Housing Unit Correctional Officers, and all inmates residing in B-Unit's day-to-day operations, programs and activities, along with the overall welfare and safety of said inmates and staff under his care and authority.

(6)

18.     Defendant, Mr.    Smith is the Case Manager for B-Unit at USP-1 Coleman.  He is legally responsible for all inmate case-work services, and other issues and materials relating to an inmate's confinement.  The Case Manager serves as a liaison between the inmate, the Administration, and the Community.

19.     Defendant, Mr.   McClain is the Correctional Counselor for B-Unit at USP-1 Coleman.  He is legally responsible for providing counseling and guidance for all B-Unit inmates in the areas of personal difficulties, institutional adjustment, and is the individual to approach for daily problems.  As a Senior Correctional Officer and staff member, the Counselor provides leadership and guidance to other Correctional Offiers and staff members of B-Unit.

20.     Defendants, Mark Tidwell, M.D., S. Nickbakht, MLP., Jesse McAllister, PA-C., Ms. Lopez, H.I.T., Ms. Garcia, AHSA, C. Donato, HSA are all Health Services Medical providers and staff members at USP-1 Coleman.  They are legally responsible for the overall Medical/Mental health of the inmate population.  They are the medical professionals whom any inmate at designated times can request medical attention and must be provided such treatment  in compliance with local/state/federal law and policy.  These medical professionals are bound by their  oaths (Hippocratic Oath, Nuremberg Code, and Code of Patient Privacy Act) and sworn to uphold those oaths.

## V.  FACTS AT ISSUE

21.    From circa May 2012 till December 28, 2012 (the date of the incident that will be raised within this complaint) Plaintiff was employed in USP Canaan's Food Service Department.  His duties were

(7)

to report to Food Service from Friday-Tuesday, 12:30-7p.m. or when the last duty station is cleaned and closed for the day. Plaintiff worked in the main dining area where his responsibilities were to maintain a clean and safe work enviroment prior, during and after the inmate meal services.

22.    Plaintiff, was paid at a Grade-2 pay scale. An inmates normal monthly payment for working an entire month at a Grade-2 pay scale level is approximately $40-50/mos.. An inmate can also be eligible to receive what is called Performance Bonus Pay, that is what an inmate can earn if he/she performs their duties without incident, warnings or infractions as well as performing other duties beyond the scope of their own detailed job. This amount can be from 1-50% of said inmates base pay (e.g., an inmate earns $50 for the month of January, he can receive up to $25 in Bonus pay for performing above and beyond his normal work detail or for just performing his detail without the need to be supervised or consulted)

23.    Plaintiff asserts that during the months of September thru till December 28, 2012, he had performed his normal work detail as well as volunteered to assist other inmates with their duties so staff and inmates alike could close Food Service in a more prompt manner. Plaintiff performed these extra duties by the promise from Food Service Supervisors Mr. Brennan & Wisniewski's own word that he would receive this Bonus pay. When he didn't receive these Bonuses let alone his normal base pay he had confronted Food Service Supervisors Mr. Brennan & Mr. Wisniewski about the discrepency in his monthly pay. Plaintiff was told it would be taken care of an each month it wasn't

24.     On the day in fact, December 28, 2012, Plaintiff approached
for the final time in front of his office door Food Supervisor Mr.
Andrew Wisniewski, where he proceeded to ask him if his pay was
going to be corrected. At that point Officer Wisniewski became
offensive and stated while tossing a pack of Common Fare Sardines
at me where it slid in front of me on the floor like he expected
me to pick it up like a common beggar, "Heres your fucking pay,
and bonus too now get out from in front of my face..." while my
detail supervisor Mr. Brennan was laughing at me. All this
transpired in front of other inmate Food Service workers and several
kitchen cameras.

25.     Plaintiff asserts after this incident that both Food
Service supervisors Brennan & Wisniewski had continued to taunt
him and make fun of him all the while he was performing his duties
and in the presence of other inmates too. These "taunts and jokes"
were admitted to on record with the Third Circuit Criminal courts
during Plaintiff's criminal trial (see attached Exhibits A ).

26.     Now what is not known and was never presented to the Third
Circuit Courts is what is known inside the FBOP inmate system as
"politics". These "politics" is what governs the inmates within
themselves and creates a respect level that maintains peace as well
as it can create violence amongst inmates on inmates or inmates on
staff. Part of the "politics" is what is called having your "man-
card" pulled. This is when another inmate/staff member says or
does something intentionally to either disrespect or insult you and
is to be interpreted as an attack on your manhood. Now there are
only a couple of ways to handle this, unfortunately each way ends
in violence, either a) you fight then and there and its over, b)
you walk away, which seems like the right thing to do, but to the

(9)

rest of the inmate population this is a sign of weakness and although it would seem that it is only between the two inmates or the staff and inmate, all eyes are on you to see what your next move will be. If you do choose to walk away then you 'WILL' be met with others of your race, gang or locale someday in the near future and they will come with physical force and do whatever it takes to place you in the hospital and off the yard. Why, you ask because your sign of weakness is construed as your entire race, gang or locale of fellow inmates are as weak as well and to the eyes on the compound must be dealt with. This is the cold hard reality each inmate at this security level deals with day-in-day-out. So Mr. Montalban took what he thought would preserve his life on the compound at USP Canaan (note Plaintiff had only 6-9 months left on his sentence and yet still made the choice to do what he had done in strict belief if he didn't then his life would be at serious risk. Also, even if he asked to surrender to protective custody "PC" inmates with the assistance of staff can still get to any inmate if they so choose to, and that was also not an option Mr. Montalban wanted to face) and prior to leaving Food Service Mr. Montalban made the choice to go after Mr. Wisniewski to get his "man-card" back.

27.     With no prior planning or preperation Mr. Montalban went into the Food Service Supervisors office to physical confront Mr. Wisniewski fist-to-fist for all his condescending remarks made to him throughout the day and the lack of respect he had towards the Plaintiff in the way of non-payment for his work and verbal insults thrown at him.

28.     The events that took place that evening on December 28,

(10)

2012, that were transcribed (scripted) by USP Canaan staff that was presented at Mr. Montalban's trial, but was far from the truth and to this day Plaintiff still suffers daily from the violent abuse and attacks he sustained after the physical altercation with Officer Wisniewski. Here is what actually transpired and if all the evidence can be procured from USP Canaan would also prove and support his statements and facts that will be raised herein this complaint.

29.     While Mr. Montalban was involved in his altercation with Mr. Wisniewski, another staff member had hit his "body-alarm" on his walkie-talkie alerting the entire staff working on the compound that an emergency was transpiring and where this emergency was. At one point other staff members entered the office to intervene and difuse the situation. What happened during and after was far and beyond what policy and procedure calls for in supressing a physical altercation between inmate on inmate or inmate on staff.

30.     Policy and FBOP Standard Operating Procedures call for the swift non-lethal use of force in subduing an inmate to get control over the situation and resume normal operations as soon as possible. Sometimes it may take two or more staff members to get this type of control, yet it took USP Canaan approximately 21+ Correctional Officers to subdue a single 5 foot 5 inch tall, 175lb. man, who had "NO WEAPONS". While staff were subduing Mr. Montalban and after he was hand-cuffed and shackled, he was repeatedly punced, kicked, jabbed/stabbed with blunt metal objects, choked-out in submission holds and had blunt metal objects beat across his face and head. He also, suffered many such events on three seperate areas in USP Canaan that evening prior to being placed in Special

(11)

Housing Unit (SHU) or receipt of medical attention for his many injuries and wouds he sustained that evening.

31.     Here is the account of all that transpired on the evening of December 28, 2012:

A)     Plaintiff had requested Food Supervisor **Mark Brennan** if he could retrieve his milk he had saved for himself earlier that evening.  Mr. Brennan allowed Mr. Monbalban to retrieve his milk. The milk was located in the Food Supervisors office and when Mr. Montalban came to the doorway Officer Wisniewski was already inside the office at his desk and when he noticed Mr. Montalban standing there about to enter he stated, "What do you want?  Get the fuck out of my face...".  At this point Plaintiff's tolerance to all the verbal abuse had taken its toll and Plaintiff reacted.  He came at Officer Wisniewski while he was still seated, yet facing him, and Plaintiff proceeded to physically assault Officer Wisniewski bare-knuckled, striking blows at him to his face and upper body.

B)     At some point shortly thereafter, Officer Brennan came into the office and had pushed the "body-alarm" on his walkie-talkie alerting the compound staff there is an emergency and where the emergency is located.  Officer Brennan had picked up a glass coffee urn that was in the office and attempted to smash it over Mr. Montalban's head.  Plaintiff ducked just as the urn was about to strike him and the urn smashed against the wall spraying glass in all directions.

C)     Mr. Brennan's attempt to subdue Plaintiff with the urn had failed and what it did do was create wounds to Officer Wisniewski's face.  These wounds caused Officer Wisniewski to scream aloud and in turn Officer Brennan grabbed Plaintiff by the arms of his institution coat pulling him away from Mr. Wisniewski.  This

(12)

act had caused Plaintiff to defend himself unsure of who was grabbing hold of him and in this defense he knocked Officer Brennan out with a punch to his head.  At that moment two officers entered the office to assist.  One of the officers Mr. William Verbyla had wrapped his arms around Mr. Montalban as he was also smashing his face against the wall, and as Mr. Verbyla was doing this Officer Corey Vrabel grabbed Plaintiff by his feet and proceeded to pull them out from under Plaintiff causing him to slam face first into the floor with extreme force.  This force was amplified by the body weight of Officer Verbyla's body being on top of Plaintiff's upper body as he was falling to the floor.  This extra body weight and amplified force of Plaintiff's body impacting face first to on the floor caused Plaintiff to vomit and blood was also produced when the vomited.

D)      While Plaintiff was face down in his own vomit and also now he sustained facial injuries that were now bleeding as well, he can feel other officers are now on top of him along with officers Verbyl & Vrabel causing him to not be able to breath and he felt he was going to suffocate.  At this point Food Supervisors Brennan and Wisniewski are each taking Mr. Montalban's arms and placing them in handcuffs.  Once this is done another officer has him by his legs and placing them in shackles then pushing them up into his back.  Once he was secured in these restraints Mr. Brennan started to kick, punch, stab (with his keys), at various points on Plaintiff's body.

E)      After a few minutes of this assault Plaintiff was picked up under his arms and dragged out of the office and as he was dragged around the corner to leave the main kitchen area several officers were awaiting and one of them called his name aloud and

as Plaintiff looked up all he saw was a fist flying into his face and another beating insued by officers unknown to the Plaintiff. As this beating was taking place he was being held by two officers the entire time under each of his arms and again all while he was in full restraints.

F)      Plaintiff felt himself being moved at some point during this beating outside of the main kitchen into the dining room area. As he was being dragged again down the inmate food service entrance line other officers came at him and one had placed him in a choke hold ramming his head into the walls. All this time officers had never ceased punching and jabbing their security keys into his ribs. As they were heading towards the exit door said officers holding each arm had began to twist his arms forward forcing Plaintiff to lean forward with his head heading towards the floor till almost parallel with it. The officer who still has him in a choke hold uses Plaintiff head to ram the steel security door open as they proceed to leave the Food Service area.

G)      As Plaintiff is being punched, jabbed and kicked down the main corridor heading towards Medical there are (2) Solid steel barred security gate, at each gate door again and again the officers use Plaintiff's head as a battering ram to open these barred gates.

H)      Upon arrival to Health Services Plaintiff was first seen by R.N. Patricia Burgerhoff, but before R.N. Burgerhoff see Mr. Montalban there are (2) additional solid steel slab doors that were opened witht he aid of ramming his head against these doors. Upon arrival R.N. Burgerhoff has the two officers holding Plaintiff's arms lift him up onto the exam table where she began her examinaton and had wiped his face clean then took photographs of Plaintiff.

(14)

After she had taken the photographs (note: actual photos were taken by a 3rd unknown Lieutenant) she had ordered for Plaintiff to be stripped of his garments for further assessment and examination. She takes account of the multiple wounds and bruises he had sustained by staff.  Even though she takes notice of these wounds she never documents them or requests to have photographs taken as well.  She makes the comment, "I see nothing wrong with you..." then she states she's going to examine the other officers involved (Brennan and Wisniewski, Brennan who sustained a dislocated pinkie finger and Wisniewski's cuts from the coffee urn) as soon as she leaves the exam room (7) officers (1 wearing his blue uniform and 6 wearing black clad SERT uniforms) entered the room and again Mr. Montalban is assaulted for several minutes.

I)      Officer s Modroff and Vrabel while securing Plaintiff's arms allowed Officer Verbyla to place him in a choke hold and after he was in place asked the other two officers to release Plaintiff and upon doing so Verbyla lifted Plaintiff up over the exam table and slammed him head first to the ground.  As soon as Plaintiff hits the ground the entire room of officers began kicking, punching and jabbing him with their security keys.  At a point the officer who was wearing his blue uniform who entered with the (7) officers had grabbed Plaintiff's head and proceeded to slam it on the ground. Shortly thereafter, R.N. Burgerhoff returns and sees this occuring and screams, "Guys! Guys! what are you doing?"  to their reply while laughing, " Oh, he fell..."  At this point R.N. Burgerhoff was mortified once the officers lifted Plaintiff back onto the exam table and she the extent of the new damage he sustained.  Plaintiff recalls as he was being lifted that she had wrote someting on some papers and as soon as she saw the new damage to him she tore up

(15)

the papers she had in her hand and threw them in the waste-bin.

J)      At this point R.N. Burgerhoff was asked by Officer Verbyla asked what do you want to do with him. She stated to get him out of here and Officer Verbyla used his walkie-talkie to request that the main corridor be cleared so Plaintiff can be transported to the Special Housing Unit (SHU). Again using his head as a battering ram Plaintiff sustains a concussion and is temporarily knocked out, there are approximately (2) steel slab doors, (2) steel sliders prior to entering the SHU that he had been rammed in to. Once inside the SHU Plaintiff is taken to an area out of cameras range and beaten again (video footage during trial court shows blood stains and trails in the cell where he was held until R.N. Burgerhoff came again to re-examine him. Plaintiff was now wearing SHU oranges and again she cleans Plaintiff's face and requests more photos to be taken (note: If upon review of this video you can clearly see the blood on the floor and how it trails into the exam room, yet the photos taken reveal no blood at all).

K)      Plaintiff afterwards is placed in a cell on the SHU range with another cell-mate. At this point Plaintiff has received no medications or treatment of any kind for his numerous injuries. It became extremely inflamed, swollen and unbearable to the point Plaintiff had temporary loss of vision and partial hearing from the beating he had sustained. He is refused even his issue of his morning, afternoon and dinner meals for approximately 10 days. If it wasn't for the assistance of his cell-mate in providing him with $\frac{1}{2}$ of his food trays he had received Plaintiff would have starved and gone through serious medical problems besides malnutrition and dehydration, with his extensive injuries these essential

(16)

nutrients necessary for his body to heal and repair itself.   It
is even witnessed by his cellie that on every round made by SHU
staff during this period that they would kick their cell door,
look inside and make the comments after Plaintiff's cell-mate had
requested that his cellie needed food/or medical attention they
would state after they peered inside the cell, "He ain't dead yet,
or Why don't he just die..."

32)     Plaintiff from the time he is placed in the cell in SHU
until the filing of this Civil Action/Complaint has only received
basic medical treatment for obvious wounds and damages caused by
these numerous Correctional Officers of USP Canaan.

33)     Plaintiff asserts he now has developed seizures and at any
giving moment falls out during these attacks that leave him unable
to protect himself from falling or prevention of injury caused by
them.   Plaintiff has to date already broken his collar-bone, and
bones in his forearm where he has had surgery to repair his collar-
bone and an MRI on his forearm as well as his head for the other
untreated injuries he sustained at USP Canaan from the assault on
his body (note: these tests outside of the collar-bone injury, were
never performed or even entertained by USP Canaan's or USP-1 Coleman's
medical staff until he had filed for the Temporary Injunctive Relief)

34)     Finally, Defendants in furtherance of their physical
assault to Plaintiff.   USP Canaan staff members had fabricated,
planted, and createed a rehearsed claim against Plaintiff to
assure a much greater sentence then he was deserved in the Third
Circuit District Court for Middlle Pennsylvania, by taking an
assault case on staff to an assault with a deadly weapon (which
even in staff's own testimony broke many state, federal and local

(17)

laws and procedures of handling evidence [where the weapon in fact
when tested by FBI Forensic Labs. tested that the "shank" had zero
trace DNA from either Plaintiff Officer Wisniewski and Defendant
Jose Montalban] as well as the obvious statements from staff shown
how they admitted to beating Plaintiff and the inconsistency with
their testimonies Plaintiff should have a easy avenue to appeal.
It is been Plaintiff's intention to have his Criminal case reheard
and a new trial set, yet all of his legal paperwork and materials
have either been "lost" or "misplaced" and neither the FBOP, U.S.
Marshals or the Local Pennsylvania State of Corrections will take
any responsibility for the return of Plaintiff's legal materials
and all attempts to have his legal paperwork and materials sent in
to him by his former Public Defender Mr. Bartolai has been met with
his legal mail being returned by USP-1 Coleman's mail-room staff
numerous times and to date he has not received any of his legal
materials necessary for him to file an effective appeal.

## VI.   LEGAL CLAIMS

35)      Plaintiff realleged and incorporate by reference paragrapphs
one through thirty-four of this Civil Action/Complaint.

36)      The intentionally beatings Plaintiff endured, the overt
acts staff inflicted to him in hopes of his physical and mental
anguish then conspired lies and testimony to further punish him
as well as the deliberate and reckless medical indifference he has
received by USP Canaan and USP-1 Coleman's staff have violated
Plaintiff, Jose Montalban's rights and constituted a violation of
his First Amendment right to have unrestricted access to the courts,
free from retaliation (for filing complaints, lawsuits, etc.), and
communication with the outside world as well as the outside from

(18)

communicating with him.  Violation of his Sixth Amendment right to

not be deprived of his liberty and property, his Due Process rights,

and free from transfer for utilizing those rights.  Violation of

his Fifth and Fourteenth Amendment rights to Equal protection from

the same Federal employees that are sworn to protect those interests,

protection from cruel and unusual punishment and the right to life,

liberty and freedom, and his right to be free from Deliberate

Reckless Indifference and receive fair and just treatment as any/or

all inmates covered under the umbrella of protection that the United

States Constitution and all its Amendments guarantee.

37)      The Plaintiff has no plain, adequate or complete remedy

at law to redress the wrongs described herein.  Plaintiff has been

and will continue to be irreparably injured by the conduct of the

Defendants unless this Court grants the declaratory and injunctive

relief which Plaintiff seeks.

### VII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this court enter

judgment granting Plaintiff:

38)   A declaration that the acts and omissions described herein

violated Plaintiff's rights under the Constitution and laws of the

United States of America.

39)   A preliminary and permanent injunction ordering all Defendants'

named within this Civil Action/Complaint to cease and desist from

any/or all present, future and conceivable reprisal or retaliation

against him for using the rights provided under the U.S. Constitution

and the laws contained therein.  Also, to continue with the medical

treatment and after-care provided to him he has been seeking since

the date of the night in question.  And to no longer interfere an

in fact be of assistance in helping him obtain all his necessary

legal materials and needs no matter how great or insignificant they may seem  in order that he may effectuate any legal redress he so desires and is in pursuit of.

**40)**    Compensatory damages in the amount of $250,000.00 against ₍ each Defendant, jointly and severally.

**41)**    Punitive damages in the amount of $25,000.00 against each Defendant.

**42)**    Nominal damages in the amount up to $1,000.00 as seen fit by this Honorable Court.

**43)**    A jury trial on all issues triable by a jury.

**44)**    Plaintiff's legal costs in this suit.

**45)**    Any additional relief this Honorable Court deems just, proper, and equitable.


Dated this <u>5th</u> day of <u>April</u> of the year <u>2016</u>

Respectfully submitted,

4/5/16

Jose Montalban/Plaintiff pro-se
Register #:11497-179
FCC; COLEMAN USP-1
P.O. Box 1033/Unit-H
Coleman, Florida 33521-1033


## VERIFICATION

I, Jose Montalban have read the foregoing Civil Action/Complaint and hereby verify that the matters alleged therein are true, except as top matters alleged on information and belief, and, as to those, I believe them to be true.  Icertify under penalty of perjury that the foregoing is true and correct.

Executed at Coleman, Florida on April 5, 2016.

4/5/16

Jose Montalban/Plaintiff pro-se

(20)

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach-ments must be submitted with this appeal.

From: **Montalban, Jose**      **11497-179**     **Unit-H**     **FCC; Coleman USP-**

    LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** On January 4, 2016, I filed a "Sensitive BP-10" with both the North and Southeast Regional Offices. These grievances were pertaining to medical issues I endured during the severe physical beatings I received from USP Canaan's staff after an assault with staff I was involved in on December 28, 2012. I sustained numerous injuries that were NEVER treated and I had developed seizures that have created more injuries to my person (broken wrist bones [untreated] and a broken collar bone [treated]) after these beatings by staff that prior to I had never had. To date I had only received a rejection notice from the Northeast office (see attached) and nothing from the Southeast Office. As per Policy these replies and non replies are to be taken as being denied greivances and I am proceeding with my remedy and filing an appeal to your office. The relief I request is clearly outlined within the BP-10 I have attached to this BP-11 appeal and the complaint and accusations stated therein are to be applied and used within this grievance. I want the relief I am and have been requesting as well as any disciplinary actions taken against the staff members involved as per policy.

April 15, 2016                  4/15/16

    **DATE**                            **SIGNATURE OF REQUESTER**

**Part B—RESPONSE**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To Central Office General Counsel

Street and Apt. No., or PO Box No. 320 First St NW

City, State, ZIP+4 WASHINGTON D.C. 20534

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 3010 0000 0486 3387

          **DATE**                        **GENERAL COUNSEL**

**ORIGINAL: RETURN TO INMATE**              CASE NUMBER: _____

**Part C—RECEIPT**

                                    CASE NUMBER: _____

Return to: _____         _____        _____      _____

        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT     INSTITUTION

SUBJECT: _____

          **DATE**                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL     BP-231(13)

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Montalban, Jose | 11497-179 | Unit-H | FCC; Coleman USP-1 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** On January 4, 2016, I filed a "Sensitive BP-10" with both the North and Southeast Regional Offices. These grievances were pertaining to my personal and legal property and staff's deliberate indifference and their acts of retaliation in attempting to request them. These acts are in reprisal to an assault I had with a FBOP staff member at USP Canaan, where I was found guilty of in the U.S. District court and I was also enhanced of these charges for utilizing a weapon that was NEVER used nor in my possession, but this was stated and used in my conviction in court. These statements and evidence was all fabricated against me and I am in the process of an appeal against this act of misconduct, but also the extreme physical abuse and pain I endured by USP Canaan's staff immediately after the incident had occured on December 28, 2012, where I am still dealing with the abuse and reprisal from FBOP staff. I have not had any response to the Regional complaints as of the writing of this appeal and as per Policy my none response is to be a denial of said grievance. I am asking for the same relief as outlined within the BP-10 and an attached copy is attached hereto and I assert the complaint written within it and ask that your office follow through and answer the complaint raised therein and its relief and grant it on its merits.

April 15, 2016
DATE

4/15/16
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)     $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Central Office General Counsel
Street and Apt. No., or PO Box No.  320 First St. NW
City, State, ZIP+4®  WASHINGTON D.C. 20534

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 3010 0002 0486 3370

| DATE | | GENERAL COUNSEL |
|---|---|---|

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL        BP-231(13)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 22, 2016


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : JOSE MONTALBAN, 11497-179
      COLEMAN I USP    UNT: A/B    QTR: B01-125L
      P.O. BOX 1023
      COLEMAN,  FL 33521


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID     : 849264-R1       REGIONAL APPEAL
DATE RECEIVED : JANUARY 15, 2016
SUBJECT 1     : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS        : MUST FILE IN THE REGION YOU ARE HOUSED IN, AS YOU
                 CLAIM A SENSITIVE ISSUE THE FORM WILL NOT BE RETURN

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 26, 2016

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : JOSE MONTALBAN, 11497-179
      COLEMAN I USP    UNT: A/B    QTR: B01-125L
      P.O. BOX 1023
      COLEMAN,  FL 33521

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID     : 849264-R1       REGIONAL APPEAL
DATE RECEIVED : JANUARY 15, 2016
SUBJECT 1     : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: SEE REMARKS.

REMARKS       : YOUR APPEAL SHOULD BE FILED TO THE REGIONAL OFFICE
                WHERE YOU ARE CURRENTLY DESIGNATED. PLEASE RESUBMIT
                YOUR APPEAL TO THE SOUTHEAST REGIONAL OFFICE.



**U.S. Department of Justice**
Federal Bureau of Prisons
*Northeast Regional Office*

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

January 26, 2016

Jose Montalban, Reg. No. 11497-179
USP Coleman I
P.O.Box 1033
Coleman, FL  33521

Re:  Administrative Claim Received January 15, 2016
     Claim No. TRT-NER-2016-01879

Dear Mr. Montalban:

    This will acknowledge receipt of your administrative claim
for an alleged loss of personal property or personal injury
suffered at USP Canaan.

    Under the provisions of the applicable federal statutes, we
have six months from the date of receipt to review, consider,
and adjudicate your claim.

    All correspondence regarding this claim should be addressed
to Federal Bureau of Prisons, Northeast Regional Office, Room
701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia,
Pennsylvania 19106.  If the circumstances surrounding this claim
change in any fashion, you should contact this office
immediately.  Also, should your address change, you should
contact this office in writing accordingly.

                        Sincerely,

                        Michael D. Tafelski
                        Regional Counsel

U.S. Department of Justice
Federal Bureau of Prisons

Regional Administrative Remedy Appeal

\*\*\*SENSITIVE REMEDY\*\*\*SENSITIVE REMEDY\*\*\*NORTHEAST

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Montalban, Jose | 11497-179 | Unit-B | FCC; Coleman USP-1 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**   On December 28, 2012, Mr. Montalban has been placed in SHU, sent to Lackawana County Jail for charges against him for Assault on an Officer w/ a Dangerous Weapon where he was sentenced (even though he contends he never had a weapon, but did assault the officer in fact hence the reasoning he is sending in this BP-10) and subsequently sent back to USP Canaan where he was in possession of all his legal documents at Lackawana County Jail that he did observe the Jail official turn over to the U.S. Marshals to be delivered back with Mr. Montalban on his return to USP Canaan.  Upon his arrival to USP Canaan than shortly there-after transferred to USP-1 Coleman did Mr. Montalban in fact been notified that he was in receipt of NO PERSONAL, LEGAL OR OTHER PROPERTY upon his arrival to USP-1 Coleman and since his arrival to USP-1 Coleman circa July 2014, Mr. Montalban has written numerous Cop-Outs to his Unit Team whom contacted the U.S. Marshals and for USP Canaan as well as wrote his Sentencing Judge of his Assault charge asking to intercede on this matter (Judge's response stated he cannot assist on internal [FBOP] matters nor do they have any of his possessions, that Mr. Montalban must resolve his problems with his property with the FBOP...) all to no avail as of the date of this grievance.  Mr. Montalban has been incarcerated for over 9 years prior to his recent charges and has most assuredly accumulated personal property, family correspondence, commissary food items, etc. (see attached commissary receipts) as well as legal materials from his original criminal conviction, yet he is transferred with NOTHING.

| 01-04-16 | _signature_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

***SENSITIVE REMEDY***SENSITIVE REMEDY*** SOUTHEAST

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR–9 including any attachments must be submitted with this appeal.

From: Montalban, Jose          11497-179          Unit-B          FCC; Coleman    USP-1
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.            UNIT              INSTITUTION

Part A—REASON FOR APPEAL  On December 28, 2012, Mr. Montalban has been placed in SHU, sent to Lackawana County Jail for charges against him for Assault on an Officer w/ a Dangerous Weapon, where he was sentenced (even though he contends he never had a weapon, but did assault the officer in fact hence the reasoning he is sending in this BP-10) and subsequently sent back to USP Canaan where he was in possession of all his legal documents at Lackawana County Jail that he did observe the Jail official turn over to the U.S. Marshalls to be delivered back with Mr. Montalban on his return to USP Canaan. Upon his arrival to USP Canaan than shortly thereafter transfered to USP-1 Coleman did Mr. Montalban in fact been notified that he was in receipt of NO PERSONAL, LEGAL OR OTHER PROPERTY upon his arrival to USP-1 Coleman and since his arrival to USP-1 Coleman circa July 2014, Mr. Montalban has written numerous Cop-Outs to his Unit Team whom contacted the U.S. Marshalls and USP Canaan as well as wrote his sentencing Judge of his Assault charge asking to intercede on this matter (Judge's response stated he cannot assist on internal [FBOP] matters nor do they have any of his possessions that r. Montalban must resolve his problems with his property with the FBOP...) all to no avail as of the date of this grievance. Mr. Montalban has been incarcerated for over 9 years prior to his recent charges and has most assuredly accumulated personal property, family correspondence, commissary food items, etc. (see attached commissary receipts) as well as legal materials from his original criminal conviction, yet he is transferred with NOTHING.

01-04-16
DATE                                                    SIGNATURE OF REQUESTER

Part B—RESPONSE




























DATE                                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

Part C—RECEIPT
                                                        CASE NUMBER: _____

Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT        INSTITUTION

SUBJECT: _____

**\*\*\*SENSITIVE REMEDY\*\*\*SENSITIVE REMEDY\*\*\* SOUTHEAST/NORTHEAST**

Mr. Montalban has since the writing of this grievance sent a Motion for an Temporary Injunction with the Middle District Court of Florida to further inhibit staff's reprisals and retaliation against his person. As well as the intentional interference of his personal and legal property to which Mr. Montalban has tried numerous times in writing to the U.S. Marshals, USP Canaan's staff, the Third Circuit Court and USP-1 Coleman's staff all to no avail. These intentional acts have purposefully stopped Mr. Montalban in filing his timely appeals with the Third Circuit Courts against his recent criminal conviction where staff planted, fabricated and with-held evidence that would prove Mr. Montalban in deed never possessed any weapon in his assault against Mr. Wisniewski.

This is a clear and obvious violation of my Due Process Clause rights, my First Amendment right to be free to speak and be able to have access to my family, as well as being able to contact the courts and attorneys for my legal needs, and my Fifth and Fourteenth Amendment rights to not be deprived of liberty and property, etc..

I request that FBOP staff no longer retaliate against me for using my Constitutional right to have un-impeded access to the courts and my legal materials and to no longer with-hold my personal or legal mail that is not considered contraband or considered in violation of FBOP Policy, and if it is impeded that I will have proper written notice given to me stating the reasons as to why and returned to either myself or the sender immediately upon denial so any errors can be corrected or fixed.

I also ask that I will not be transferred from the facility until I have exhausted all my court filings and have been ordered or denied any/or all Motions filed with the courts or Department of Justice and FBOP.

This grievance has been duplicated and sent to each Regional Office in the Southeast & Northeast Regions since I am unsure who may be the responsible party to my complaint since the majority of my issues are from USP Canaan in the Northeast Region and I am now residing in the Southeast Region at USP-1 Coleman. I request that each Administrative Remedy's Legal Counsel for each Region work together on some type of resolution or assign which office will be culpable for the response to my complaint and notify me of who and what Office I will be responding to and replying in the future.

Dated: 01-04-16

Respectfully submitted,

01/04/2016

Mr. Jose Montalban
Register #: 11497-179
FCC; Coleman USP-1
P.O. Box 1033/Unit-B
Coleman, Florida 33521-1033

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Montalban, Jose | 11497-179 | Unit-B | FCC; Coleman USP-1 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL Since the date of December 28, 2012, Mr. Montalban on the 28th was involved in an assault with staff, while being subdued he was deliberately assaulted by USP Canaan's staff who reported to an Officer's body alarm call. After, during and before Mr. Montalban was subdued and shackled by several officers and during this they used violent and unnecessary use of force to instill physical pain and damage by punching, kicking, and using blunt metal objects (security keys, and a two-hole hole punch) to Mr. Montalban's head and body areas. The most damage and assault was directed to Mr. Montalban's head where he has suffered a broken orbital bone, some type of fracture to his forehead region, and to date he has not received any treatment to correct these damages nor even after a District Judge had ordered and gave a directive for the Marshals/FBOP to provide exploratory and exculpatory radiological testing (CT Scans & MRIs, etc.) performed to assess if any internal damages have been caused (since his attack Mr. Montalban has had on a daily occurance been through multiple seizures that basically has caused him to break his clavicle bone and both bones in his forearm). Even though he has had his clavicle bone repaired, he has yet to be diagnosed by any outside specialists for the injuries to his head and given no clear indication of when he will if at all be seen by any outside specialists or receive any exculpatory and explorative tests done to assess how much damage has been caused by these assailants at USP Canaan. The doctor and medical staff at USP-1 Coleman are reluctant and cynical in treating Mr. Montalban's injuries. This is not...

01-04-16
DATE

SIGNATURE OF REQUESTER

Part B—RESPONSE

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Montalban, Jose | 11497-179 | Unit-B | FCC; Coleman USP-1 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL Since the date of December 28, 2012, Mr. Montalban on the 28th was involved in an assault with staff, while being subdued he was deliberately assaulted by USP Canaan's staff who reported to an Officer's body alarm call. After, during and before Mr. Montalban was subdued and shackled by several officers and during this they used violent and unnecessary use of force to instill physical pain and damage by punching, kicking, and using blunt metal objects (security keys, and a two-hole hole punch) to Mr. Montalban's head and body areas. The most damage and assault was directed to Mr. Montalban's head where he has suffered a broken orbital bone, some type of fracture to his forehead region, and to date he has not received any treatment to correct these damages nor even after a District Judge had ordered and gave a directive for the Marshals/FBOP to provide exploratory and exculpatory radiological testing (CT Scans & MRIs, etc.) performed to assess if any internal damages have been caused (since his attack Mr. Montalban has had on a daily occurance been through multiple seizures that basically has caused him to break his clavicle bone and both bones in his forearm). Even though he has had his clavicle bone repaired, he has yet to be diagnosed by any outside specialists for the injuries to his head and given no clear indication of when he will if at all be seen by any outside specialists or receive any exculpatory and explorative tests done to assess how much damage has been caused by these assailants at USP/Canaan. The doctor and medical staff at USP-1 Coleman are reluctant and cynical in treating Mr. Montalban's injuries. This is not...

01-84-16 _____ injuries. This is not... _____
DATE                                                          SIGNATURE OF REQUESTER

Part B—RESPONSE

_____                    _____
DATE                                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

Part C—RECEIPT
                                                             CASE NUMBER: _____

Return to: _____    _____    _____    _____
                LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.           UNIT           INSTITUTION

SUBJECT: _____

***SENSITIVE REMEDY***SENSITIVE REMEDY***SOUTHEAST/NORTHEAST

is not to say USP-1 Coleman's medical are deliberately interfering with my right to medical access, but they are not providing me with the care necessary to resolve my issues in any fashionable time-frame.  I'm in constant fear that I've had serious brain damage cause by USP Canaan's staff and each day it may be progresively getting worse.  I have notified the Middle District of Florida's Federal Court for an Temporary Injunction for relief and assistance as well as I have written the U.S. D.O.J. and the F.B.O.P.'s offices for their intervention of this matter.

I request to 1) have all exploratory testing (CT-Scans, MRIs, etc.) performed and for these results to be , 2) provided to a Neuro & Orthopedic Specialists to be evaluated and to be seen immediately by these specialists as well, 3) to have any/or all of theses specialists recommendations and treatment orders to be followed and carried out without any delay, and 4) for USP-1 Coleman's staff to not retaliate, interfere with, or inhibit in any way my access to the request I ask and not rtaliate, interfere with or inhibit my access to any/or all outside organizations or family members for assistance/ or help I may need to have these needs met.

Dated: 01-04-16

Respectfully submitted,

Mr. Jose Montalban
Reg.#: 11497-179
FCC; Coleman USP-1
P.O. Box 1033/ Unit-B
Coleman, Florida 33521-1033

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
J. Bows

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Federal Bureau of Prisons
Northeast Regional offices
Tort Claim Department
2nd & Chestnut Streets
U.S. Customs House, 7th Floor
Philadelphia, PA 19106

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)    7015 0640 0006 2886 0669

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
J. Bows

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Federal Bureau of Prisons
Northeast Regional office
ADMIN. Remedy Dept.
2nd & Chestnut Streets
U.S. Customs House, 7th Floor
Philadelphia, PA 19106

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)    7015 0640 0006 2886 0638

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $

Postmark Here

Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7015 0640 0006 2886 0638

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $

Postmark Here

Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7015 0640 0006 2886 0669

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature
☐ Agent
☐ Addr

B. Received by (Printed Name)    C. Date of Deli
R TAYLN    1.15/16

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ■ No

1. Article Addressed to:

Federal Bureau of Prisons
Southeast Regional office
ADMIN. Remedy Department
3800 Camp Creek, PKWY, SW
ATlanTA, GA 30331

3. Service Type
☒ Certified Mail    ☐ Express Mail
☒ Registered    ☐ Return Receipt for Merchandi
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7015 0640 0006 2886 0621

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Carly Ann    ☐ Agent
☐ Address

B. Received by (Printed Name)    C. Date of Delive
JAN 27 2016

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ■ No

1. Article Addressed to:

United States Dept. of Justice
Civil Rights Division;
Special Litigation Section
950 Pennsylvania Ave, N.W.
Washington, DC. 20530

3. Service Type
☒ Certified Mail    ☐ Express Mail
☒ Registered    ☐ Return Receipt for Merchandis
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service lab)    7015 0640 0006 2886 0652

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154

---

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery    $
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery    $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7015 0640 0006 2886 0652

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery    $
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery    $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7015 0640 0006 2886 0621

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Dept. of Justice
Civil Rights Division;
Special Litigation Section
950 Pennsylvania Ave, N.W.
Washington, DC 20530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
JAN 27 2016

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ■ No

3. Service Type
■ Certified Mail   ☐ Express Mail
■ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7015 0640 0006 2886 0652

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jose Montalban
Register #: 11499-179
FCC; Coleman USP-1
P.O. Box 1033/Unit-B
Coleman, Florida 33521-1033

U.S. Department of Justice                                    Regional Administrative Remedy Appeal

Federal Bureau of Prisons        ***SENSITIVE REMEDY***SENSITIVE REMEDY***NORTHEAST

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Montalban, Jose      11497-179      Unit-B      FCC; Coleman USP-1
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

Part A—REASON FOR APPEAL  On December 28, 2012, Mr. Montalban has been placed in SHU, sent to Lackawana County Jail for charges against him for Assault on an Officer w/ a Dangerous Weapon where he was sentenced (even though he contends he never had a weapon, but did assault the officer in fact hence the reasoning he is sending in this BP-10) and subsequently sent back to USP Canaan where he was in possession of all his legal documents at Lackawana County Jail that he did observe the Jail official turn over to the U.S. Marshals to be delivered back with Mr. Montalban on his return to USP Canaan. Upon his arrival to USP Canaan than shortly there-after transferred to USP-1 Coleman did Mr. Montalban in fact been notified that he was in receipt of NO PERSONAL, LEGAL OR OTHER PROPERTY upon his arrival to USP-1 Coleman and since his arrival to USP-1 Coleman circa July 2014, Mr. Montalban has written numerous Cop-Outs to his Unit Team whom contacted the U.S. Marshals and USP Canaan as well as wrote his Sentencing Judge of his Assault charge asking to intercede on this matter (Judge's response stated he cannot assist on internal [FBOP] matters nor do they have any of his possessions, that Mr. Montalban must resolve his problems with his property with the FBOP...) all to no avail as of the date of this grievance. Mr. Montalban has been incarcerated for over 9 years prior to his recent charges and has most assuredly accumulated personal property, family correspondence, commissary food items, etc. (see attached commissary receipts) as well as legal materials from his original criminal conviction, yet he is transferred with NOTHING.

     01-04-16
     DATE                                SIGNATURE OF REQUESTER

Part B—RESPONSE

 

     DATE                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

Part C—RECEIPT

                                           CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

***SENSITIVE REMEDY***SENSITIVE REMEDY*** SOUTHEAST

Type or use ball—point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: ___Montalban, Jose_____   11497-179       Unit-B       FCC; Coleman  USP-1
          LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.         UNIT           INSTITUTION

**Part A—REASON FOR APPEAL** On December 28, 2012, Mr. Montalban has been placed in SHU, sent to Lackawana County Jail for charges against him for Assault on an Officer w/ a Dangerous Weapon, where he was sentenced (even though he contends he never had a weapon, but did assault the officer in fact hence the reasoning he is sending in this BP-10) and subsequently sent back to USP Canaan where he was in possession of all his legal documents at Lackawana County Jail that he did observe the Jail official turn over to the U.S. Marshalls to be delivered back with Mr. Montalban on his return to USP Canaan. Upon his arrival to USP Canaan than shortly thereafter transfered to USP-1 Coleman did Mr. Montalban in fact been notified that he was in receipt of NO PERSONAL, LEGAL OR OTHER PROPERTY upon his arrival to USP-1 Coleman and since his arrival to USP-1 Coleman circa July 2014, Mr. Montalban has written numerous Cop-Outs to his Unit Team whom contacted the U.S. Marshalls and USP Canaan as well as wrote his sentencing Judge of his Assault charge asking to intercede on this matter (Judge's response stated he cannot assist on internal [FBOP] matters nor do they have any of his possessions that r. Montalban must resolve his problems with his property with the FBOP...) all to no avail as of the date of this grievance. Mr. Montalban has been incarcerated for over 9 years prior to his recent charges and has most assuredly accumulated personal property, family correspondence, commissary food items, etc. (see attached commissary receipts) as well as legal materials from his original criminal conviction, yet he is transferred with NOTHING.

___01-04-16___                                            SIGNATURE OF REQUESTER
       DATE

**Part B—RESPONSE**

_____
       DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**
                                                  CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.         UNIT           INSTITUTION

SUBJECT: _____

**★★\*SENSITIVE REMEDY\*\*\*SENSITIVE REMEDY\*\*\* SOUTHEAST/NORTHEAST**

Mr. Montalban has since the writing of this grievance sent a Motion for an Temporary Injunction with the Middle District Court of Florida to further inhibit staff's reprisals and retaliation against his person. As well as the intentional interference of his personal and legal property to which Mr. Montalban has tried numerous times in writing to the U.S. Marshals, USP Canaan's staff, the Third Circuit Court and USP-1 Coleman's staff all to no avail. These intentional acts have purposefully stopped Mr. Montalban in filing his timely appeals with the Third Circuit Courts against his recent criminal conviction where staff planted, fabricated and with-held evidence that would prove Mr. Montalban in deed never possessed any weapon in his assault against Mr. Wisniewski.

This is a clear and obvious violation of my Due Process Clause rights, my First Amendment right to be free to speak and be able to have access to my family, as well as being able to contact the courts and attorneys for my legal needs, and my Fifth and Fourteenth Amendment rights to not be deprived of liberty and property, etc..

I request that FBOP staff no longer retaliate against me for using my Constitutional right to have un-impeded access to the courts and my legal materials and to no longer with-hold my personal or legal mail that is not considered contraband or considered in violation of FBOP Policy, and if it is impeded that I will have proper written notice given to me stating the reasons as to why and returned to either myself or the sender immediately upon denial so any errors can be corrected or fixed.

I also ask that I will not be transferred from the facility until I have exhausted all my court filings and have been ordered or denied any/or all Motions filed with the courts or Department of Justice and FBOP.

This grievance has been duplicated and sent to each Regional Office in the Southeast & Northeast Regions since I am unsure who may be the responsible party to my complaint since the majority of my issues are from USP Canaan in the Northeast Region and I am now residing in the Southeast Region at USP-1 Coleman. I request that each Administrative Remedy's Legal Counsel for each Region work together on some type of resolution or assign which office will be culpable for the response to my complaint and notify me of who and what Office I will be responding to and replying in the future.

Dated: __01-04-16__

Respectfully submitted,

01/04/2016

Mr. Jose Montalban
Register #: 11497-179
FCC; Coleman USP-1
P.O. Box 1033/Unit-B
Coleman, Florida 33521-1033

U.S. Department of Justice

Regional Administrative Remedy Appeal

Federal Bureau of Prisons

***SENSITIVE REMEDY***SENSITIVE REMEDY***SENSITIVE REMEDY***NORTHEAST

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Montalban, Jose | 11497-179 | Unit-B | FCC; Coleman USP-1 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL Since the date of December 28, 2012, Mr. Montalban on the 28th was involved in an assault with staff, while being subdued he was deliberately assaulted by USP Canaan's staff who reported to an Officer's body alarm call. After, during and before Mr. Montalban was subdued and shackled by several officers and during this they used violent and unnecessary use of force to instill physical pain and damage by punching, kicking, and using blunt metal objects (security keys, and a two-hole hole punch) to Mr. Montalban's head and body areas. The most damage and assault was directed to Mr. Montalban's head where he has suffered a broken orbital bone, some type of fracture to his forehead region, and to date he has not received any treatment to correct these damages nor even after a District Judge had ordered and gave a directive for the Marshals/FBOP to provide exploratory and exculpatory radiological testing (CT Scans & MRIs, etc.) performed to assess if any internal damages have been caused (since his attack Mr. Montalban has had on a daily occurance been through multiple seizures that basically has caused him to break his clavicle bone and both bones in his forearm). Even though he has had his clavicle bone repaired, he has yet to be diagnosed by any outside specialists for the injuries to his head and given no clear indication of when he will if at all be seen by any outside specialists or receive any exculpatory and explorative tests done to assess how much damage has been caused by these assailants at USP/Canaan. The doctor and medical staff at USP-1 Coleman are reluctant and cynical in treating Mr. Montalban's injuries. This is not...

01-54-16
DATE

SIGNATURE OF REQUESTER

---

Part B—RESPONSE

---

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

---

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Montalban, Jose**          **11497-179**     **Unit-B**      **FCC; Coleman USP-1**
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**  Since the date of December 28, 2012, Mr. Montalban on the 28th was involved in an assault with staff, while being subdued he was deliberately assaulted by USP Canaan's staff who reported to an Officer's body alarm call. After, during and before Mr. Montalban was subdued and shackled by several officers and during this they used violent and unnecessary use of force to instill physical pain and damage by punching, kicking, and using blunt metal objects (security keys, and a two-hole hole punch) to Mr. Montalban's head and body areas.   The most damage and assault was directed to Mr. Montalban's head where he has suffered a broken orbital bone, some type of fracture to his forehead region, and to date he has not received any treatment to correct these damages, nor even after a District Judge had ordered and gave a directive for the Marshals/FBOP to provide exploratory and exculpatory radiological testing (CT Scans & MRIs, etc.) performed to assess if any internal damages have been caused (since his attack Mr. Montalban has had on a daily occurance been through multiple seizures that basically has caused him to break his clavicle bone and both bones in his forearm).   Even though he has had his clavicle bone repaired, he has yet to be diagnosed by any outside specialists for the injuries to his head and given no clear indication of when he will if at all be seen by any outside specialists or receive any exculpatory and explorative tests done to assess how much damage has been caused by these assailants at USP Canaan.   The doctor and medical staff at USP-1 Coleman are reluctant and cynical in treating Mr. Montalban's injuries. This is not...

_01-07-16_
DATE                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**



DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**
                                              CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

***SENSITIVE REMEDY***SENSITIVE REMEDY***SOUTHEAST/NORTHEAST

is not to say USP-1 Coleman's medical are deliberately interfering with my right to medical access, but they are not providing me with the care necessary to resolve my issues in any fashionable time-frame.  I'm in constant fear that I've had serious brain damage cause by USP Canaan's staff and each day it may be progresively getting worse.  I have notified the Middle District of Florida's Federal Court for an Temporary Injunction for relief and assistance as well as I have written the U.S. D.O.J. and the F.B.O.P.'s offices for their intervention of this matter.

I request to 1) have all exploratory testing (CT-Scans, MRIs, etc.) performed and for these results to be , 2) provided to a Neuro & Orthopedic Specialists to be evaluated and to be seen immediately by these specialists as well, 3) to have any/or all of theses specialists recommendations and treatment orders to be followed and carried out without any delay, and 4) for USP-1 Coleman's staff to not retaliate, interfere with, or inhibit in any way my access to the request I ask and not rtaliate, interfere with or inhibit my access to any/or all outside organizations or family members for assistance/ or help I may need to have these needs met.

Dated: 01-04-16

Respectfully submitted,

Mr. Jose Montalban
Reg.#: 11497-179
FCC; Coleman USP-1
P.O. Box 1033/ Unit-B
Coleman, Florida 33521-1033

## CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Federal Bureau of Prison Offices for the Northeast Region 2nd & Chestnut streets U.S. Customs House; 7th Floor Philadelphia, PA 19106 | Mr. Jose Montalban Register #: 11497-179 FCC; Coleman USP-1 P.O. Box 1033/Unit-B; Coleman, FL 33521 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 11JUN1973 | Married | 28DEC2012 | @7:30-45p.m. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On December 28, 2012, I was involved in a assault with a FBOP staff member at USP-Canaan. While I was being subdued by approximately 8-13 staff members initially I was punched, kicked and hit with blunt metal objects (security keys and a 2 holed hole punch) was used to inflict pain and injury to my body and head area while most of the assault was directed to my face and head area I was also hit all over my body and torso. (see attached for continuation)

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) I suffer paralyzing seizures daily and have broken my arm bones and my clavicle. I sustained an orbital and skull fracture from the assault that has never been treated or have I been seen by any specialists.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT. For over 3 years I have been walking around with an unknown neurological problem, broken bones in my skull and am in constant pain and fear of serious possible undiagnosed brain damage that has never been tested by CT-Scan or MRIs to do exploratory radiological tests for a specialist to review, diagnose and receive treatment for (see Attached 2)

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| punitive: $250,000.00per Assaulting staff member | compensatory: 250,000.00/per assaulting staff member | nominal: $1.00-1,000.00 | $6,500,08.00-6,513,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). Without Prejudice, All 01-04-16 Rights reserved | 13b. PHONE NUMBER OF PERSON SIGNING FORM N/A | 14. DATE OF SIGNATURE 04JAN2016 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

Line #8: Basis for Claim:

As I was being taken from the Staff office in Food Service to Medical these same staff members @13 in total had continued to punch and kick me along the entire way after keeping me inside the kitchen area for a few minutes which seemed like an hour while each staff member took turn assaulting me with their fists and boots. Along the way each egress we came across whether it was a solid barred security gate or a steel door these same staff members used my head as a means to open each doorway like I was some type of battering ram. I passed 5 steel doors and 2 steel barred security gates, and as I stated my head was used as an tool to push them open. After I arrived to Medical I was stripped naked and the RN Ms. Burgerhoff, Patricia wiped my face clean of blood physically looked at my nose and as she walked away stated, "...there's nothing wrong with you..." and when she left 7 of the 13 staff members came into the room on and started to punch me and at one point one had placed me in a head-lock and started to choke me out, the Officer's name was Mr. Vrabella while Officer Modrow held both my arms so I could not escape or move. At this point I believed they were going to kill me, then all of a sudden I was slammed to the ground and started to kick me while another officer grabbed my head and started pounding it on the floor. After I was beated for a short while RN Burgerhoff came into the room and I could hear her tell the officers what were they doing and I saw briefly she had ripped some forms she had up and while doing that the officers stated, " oh he fell.." Rn Burgerhoff's voice showed she was not happy with their actions and I was shortly taken from Medical to SHU where the beatings continued and my head used as a door ram until I finally passed out from the pain or was knocked unconscious. I had had my thumb bent backward and broken, many bruises and abrasions all over my body and head, my eyes were swollen shut and I physically could NOT open them for over 14 days, I hard a difficult time breathing through my nose, my jaw was so swollen I could not even eat for I could barely open my mouth. Regardless, staff refused to bring me any food for over ten days stating I requested a Food Strike which was a lie and if it wasn't for the cellie I had providing me $\frac{1}{2}$ of his meals I would never have been fed. Every day some staff member would kick the cell door and make the comment "he isn't dead yet!" Each day I feared I would either get another attack or would die from my injuries, newly developed seizures that would incapacitate me and at no time did medical do anything

to alleviate any of my physical pains or ailments.  A standard X-ray was taken some 12 days after the assault on my persons.  I sat in SHU  with broken bones, dislocated thumb, many contusions and internal injuries that were never looked into while given NO meds as well to help minimize my pain.

Dated: January 4, 2016

Respectfully submitted,

Without Presudice, All rights reserved
Mr. Jose Montalban

Line 10: ...Nature and extent of each injury:

...to come to an absolution and resolution of my medical needs
as deemed medically necessary by qualified and certified specialists.
My pain and suffering caused by these known and unknown USP
Canaan staff members clearly constitutes clear and knowing of their
actions against my person to be cruel and unusual and beyond the
grounds and policy dictated by FBOP in controling a conflict.  The
fact that these staff members were immediately taken to an outside
hospital the same evening as the assault to be treated for their
injuries (lacerations to Officer Wisniewski's face & a jammed
pinkie finger on Officer Brennen) while I still am waiting to have
exploratory tests performed to diagnose the extent of my injuries
and that my broken and fractured bones are now by this point set
where they lay broken will have to be re-broken and re-set in their
natural formation.  Well, I pray they can be repaired after such
a long period of time.  I fear that I will never be normal physically
or mentally ever again due to this event.  I'm afraid that if what-
ever is causing me to have these seizures that leave me incapacitated
and vulnerable as they have already caused me more bodily damage
then what was done initially by these staff members that I never
had prior to December 28, 2012, that I will no longer be able to
ever perform normally in the outside world upon release.  Also,
the fact I have taken so long to process this Tort Claim is due to
staff's intentional destruction of my personal property I have had
accrued in the prior ten years and all my legal paperwork from my
Trial has been also lost or damaged.  I have come to USP-Coleman #1
with absolutely no property and legal work which I had with me
at the Lackawanna County Jail and was packed out when I had been
sent back to USP-Canaan and was never seen again.  I've tried for
the past two plus years trying to get my property and legal materials
all to no avail and I have had to use other inmates to assist me
in getting any/or all necessary paperwork to file grievances, Torts,
Court and attorney's request for assistance I have been either told
by staff I should STOP all/or any attempts I may try to get back
into court or any other form of relief I need.  This is also a
violation of my Due Process Clause and my right to my property.

Dated: January 4, 2016

Respectfully submitted,

without prejudice all

Mr. Jose Montalban  rights reserved

United States District Court
Office of the Clerk
Golden-Collum Memorial Federal
Building & U.S. Courthouse
207 NW Second Street
Room 337
Ocala, Florida 34475-6666

Jose Montalban
Register #: 11497-179
FCC; Coleman USP-1
P.O. Box 1033/Unit-H
Coleman, Florida 33521-1033

April 29, 2016

RE:   Request for reconsideration of denial of Case #:
      5:15-cv-635-Oc-10PRL.

Dear Clerk of the Court,

        I am in receipt of the Judge's decision to dismiss my case
without prejudice on April 27, 2016, via institution general inmate
mail.   The last correspondence I had received from your office was
the **Notice of Designation Under Local Rule 3.05** dated January 6,
2016, requesting all parties to be served and that my case was
now designated as **Track One** case.   I wrote to your office both on
February 1, 2016, and on February 10, 2016, first requesting a copy
of a filed stamped copy of my Petition for Temporary Injunctive
Relief, then to request all necessary filing forms so I may be in
compliance with all Local and Federal Rules of the Court.   I had
followed up with another letter dated March 30, 2016 (I dated for
April 30th incorrectly), and you received on April 6, 2016, where
I had again asked for my copy file stamped of my Petition and for
the necessary documents to file my Civil Action.   You office had
finally responded by mailing me all necessary forms with no attached
correspondence and I again through institution's general inmate
mail did I receive it on or about April 13, 2016 (during this period
the entire institution was on a "lockdown").

        In March I obtained from an inmate a generic In Forma Pauperis
form to fill out and was waiting to receive your office forms in
case they were different.   I also have filed my final Administrative
Remedy so I can start my Civil Action and be in compliance with
the Courts.   I to date am not savvy in legal protocols and utilize
a jailhouse lawyer to type out my forms and requests, and to answer
questions I do not understand.   I am asking for his Honorable Judge
to reconsider his denial and allow my Petition to proceed,for the
reason of equitable tolling due to non-response and unknown time
frames for which I have to file certain forms and briefs.

I also am requesting that your office from this point forward if they can stamp on all envelopes **"Legal/Special Mail- Open in Presence of Inmate Only!"** and to also print the name of the Clerk who is handling and filing all my legal work and mail to attach their name under the return address from the Court.  The staff here state if a name is not attached to the return address (even though it comes from a U.S. Court) it will not be considered "Legal Mail".

I am not sure if your office has sent any responses, letters, etc. since I have filed my Petition and I am requesting to have a copy of all correspondence sent to me and to have it sent certified so I and your office can be assured that I am in receipt of it. I apologize for this request and am not sure if its allowable, as you should know by the type of Petition I filed the problems I am having here with staff and the games they are playing to hinder my legal process.

Respectfully submitted,

4-29-16

Jose Montalban/pro-se
Register #: 11497-179
FCC; Coleman USP-1
P.O. Box 1033/Unit-H
Coleman, Florida 33521-1033

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSE MONTALBAN,

                 Plaintiff,

-vs-                                                    Case No.  5:15-cv-635-Oc-10PRL

Federal Bureau of Prisons, et. al.,

                 Defendants.

_____

## O R D E R OF DISMISSAL

Plaintiff initiated this case by filing a Civil Rights Complaint. (Doc. 1).  However, Plaintiff failed to pay the required filing fee or file a request to proceed as a pauper within thirty (30) days of the commencement of the case.  Thus, pursuant to Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida, this case is dismissed without prejudice.  See also 28 U.S.C. § 1914(a).

Should Plaintiff decide to initiate a new case, he must, within thirty (30) days of the commencement of the case, pay the filing fee or file a request to proceed as a pauper. The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 26th day of April, 2016.

*a presencett Holgu*

UNITED STATES DISTRICT JUDGE

Copies to:   Jose Montalban

2

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JOSE MONTALBAN,

     Plaintiff,

v.                                      **Case No: 5:15-cv-635-Oc-10PRL**

FEDERAL BUREAU OF PRISONS,
FCC COLEMAN - USP I and
TAMYRA JARVIS

     Defendants.

---

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came before the Court and a decision has been rendered.

     **IT IS ORDERED AND ADJUDGED**

     Pursuant to the Court's order entered on April 26, 2016, this case is dismissed without

prejudice.

                          SHERYL L. LOESCH, CLERK

                          s/E. Norvell, Deputy Clerk

4/30/2016

CLERK TO THE COURTS.—

I send this letter to you, and to request the necesary local documents for filing a (Biven Action), and I

No Such Form; All Available Forms Attached

Send One Copy of my petition dated "Feb/10/2016", I send to you U.S.

And I don't have answer yet from the court, Can you help me to obtained what I'm ask to the Court; please!!, Because I waiting to long For the answer to my letter

I have civil Docket Case # 5:15-cv-00635 WTH-PRL

Thank Rec'd

God Bless you!!!

4/30/2016

United States District Court                  February 10, 2016
for the Middle District Of Florida
Ocala Division
Clerk of the Courts;
Ms. Sheryl L. Loesch
401 West Central Boulevard
Orlando, Florida 32801-0120


RE:    Request for Local court Motions and applications, for Civil
       Action: 5:15-CV-000635-WTH-PRL.


Dear MS. Sheryl Loesch,

       I am writing the Middle District Court and your office to
request the necessary Local Documents for filing a Bivens Action
along with all In Forma Pauperis applications along with a Waiver
of Fees form I can file within the Courts according to the  Feeral
Rules of Civil Procedure and be in compliance with your court and
its Local Rules as well.  Thank you in advance for your complete
cooperation and prompt response and reply to my request.

                                   Respectfully submitted,
                                                  02/10/16
                                   Mr. Jose Montalban/pro-se
                                   Register #; 11497-179
                                   FCC; COLEMAN USP-1
                                   P.O. Box 1033/Unit-H
                                   Coleman, Florida 33521-1033







## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JOSE MONTALBAN,

    Plaintiff,

v.

    Case No: **5:15-cv-635-Oc-10PRL**

FEDERAL BUREAU OF PRISONS,
FCC COLEMAN - USP I and
TAMYRA JARVIS

    Defendants.

### NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05

    Please take notice that, in accordance with Local Rule 3.05, this action is designated as a **Track One** Case. All parties must meet any requirements established in Local Rule 3.05 for cases designated as track one. Plaintiff is responsible for serving a copy of this notice on all other parties.

                SHERYL L. LOESCH, CLERK

                *Mari Jo Taylor*
            By:    Deputy Clerk

Date: January 6, 2016

Distribution:
    -Copies to plaintiff(s) [including habeas petitioner(s), bankruptcy appellant(s), and removing defendant(s)]

United States District Court                February 10, 2016
For the Middle District Of Florida
Ocala Division
Clerk of the Courts;
Ms. Sheryl L. Loesch
401 West Central Boulevard
Orlando, Florida 32801-0120


RE:     Request for Local court Motions and applications, for Civil
        Action: 5:15-CV-000635-WTH-PRL.


Dear MS. Sheryl Loesch,

        I am writing the Middle District Court and your office to
request the necessary Local Documents for filing a Bivens Action
a long with all In Forma Pauperis applications along with a Waiver
of Fees form I can file within the Courts according to the  Feeral
Rules of Civil Procedure and be in compliance with your court and
its Local Rules as well.  Thank you in advance for your complete
cooperation and prompt response and reply to my request.

                                    Respectfully submitted,
                                                  02/10/16
                                    Mr. Jose Montalban/pro-se
                                    Register #; 11497-179
                                    FCC; COLEMAN USP-1
                                    P.O. Box 1033/Unit-H
                                    Coleman, Florida 33521-1033

Midle District Court of Florida
401 West Central Boulevard
Suite 1200
Orlando, Florida 33801-0120
Attn: Clerk of the Court


Jos: Montalban
Reg.#: 11497-179
FCC; Colemna USP-1
P.O. Box 1033/Unit-B
Coleman, Florida 33521-1033


Re: Request for Filed stamped copy of Motion Requesting an
    Temporary Injunction.


Dear Sir/Maam Clerk:

         I respectfully a request to have a Filed stamped copy of one

of the enclosed Motions enclosed with a self-addressed envelope so

I may have a copy for my personal files.  Please address your name

on the return address and label "Special/Legal Mail Open Only in

Presence of Inmate Legal Materials Enclosed" or it may be processed

with the General Inmate Incoming Correspondence and be subjected

to being open without my presence and possible staff reprisal may

ensue, hence my need for the Injunction I have requested.  Thank

you for your full cooperation and understanding of my request.


Dated: December 14, 2015                    Respectfully submitted,

                                                    12-14-2015
                                            Mr. Jose Montalban

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
SUMTER DIVISION

JOSE MONTALBAN,                    (
          Plaintiff               (      ORDER TO SHOW CAUSE FOR AN
                                  (      PRELIMINARY INJUNCTION
vs.                               (
                                  (
FEDERAL BUREAU OF PRISONS;        (      Civil Action No.:_____.
FCC; COLEMAN USP-1                (
WARDEN TAMYRA JARVIS, et al.,     (
                    Defendants    (
_____  (

Upon the complaint, the supporting affidavit(s) of Plaintiff(s), and
the memorandum of law is submitted herewith, it is:

ORDERED that defendants Warden Tamyra Jarvis of FCC; Coleman USP-1
of the Federal Bureau of Prisons, et al. show cause in room _____ of the
United States Courthouse, Middle District of Florida, 401 West Central
Boulevard, Suite 1200, Orlando, Florida 32801-0120 on the ___ day of _____,
2015, at _____ o'clock, why a preliminary injunction should not issue
pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining
the defendants. their successors in office, agents and employees and all
other persons acting in concert and participation with them, from:

1)  Denying plaintiff or interfering with his access or need for
medical care/treatment, and to immediately approve Mr. Montalban
for an MRI/CT-Scan to examine the extent of his injuries he had
sustained to his head from FBOP staff and provide the necessary
treatment ordered by the reviewing medical professional (Mr. Montalban
requests that his medical diagnoses and assessment be provided by
outside non-FBOP medical professionals to illiminate any prejudice).
Specifically, Mr. Montalban needs and wants his head examined to see
why and how he has developed seizures since the incident on 12/28/2012,

fractures that were present and documented on radiological reports and any/or all other possible undiagnosed injuries; surgery to repair his left forearm's bones he has fractured due to the multiple seizures he has endured; and any other exploratory procedures deemed necessary by medical professionals to assess all the injuries to his person.

2) For any/or all FBOP staff to cease and desist from any further acts of harrassment, reprisals, retaliation or transfers from the current facility and any other FBOP facility he may be placed in "after" he has completed his Civil Action against the FBOP as well time to complete his appeal of his criminal conviction and sentence on June 6, 2014.

3) For any/or all FBOP staff to cease and desist from withholding, tampering with, rejecting/refusing, loss of, interference or denial to and from receiving, sending or access to legal/law materials deemed necessary for Mr. Montalbans legal pursuits. As well as any mail that is not in violation of FBOP Policy sent or received from outside sourcs, e.g., family, business, or orginizations.

4) That this Honorable Court provide Mr. Montalban with an order for FCC; Coleman not to transfer Mr. Montalban from USP-1 so he may be able to as previously requested to finalize all his legal pursuits without fear of a) not knowing when or where he may be heading, b) prevent any more loss of his personal and legal property/possessions and for USP-1 staff to honor your orders as written.

IT IS FURTHER ORDERED that the order to show cause, and all other papers attached to this application, be served on the aforesaid Plaintiffs by January 15, 2016.

So ordered and signed by Honorable Judge:

_____
(printed name)


_____
(signature)

Dated:_____
United States District Judge

## DECLARATION IN SUPPORT OF FACTS

### OF MR. JOSE MONTALBAN

On December 28, 2012, I was involved in a physical altercation with
USP Canaan Food Service supervisor Mr. Wisniewski, I was pulled off of Officer
Wisnieski by several staff officers, shackled and hand-cuffed behind my back.
While I was being restrained and after I was kicked, punched, hit with a metal
object and one officer used his keys to assault me during this process and
while being dragged to SHU (Special Housing Unit) I was assaulted several
more times along the way. My eyes were completely swollen shut from the
blows I received to my face and head and could not see for several days.
I was seen by medical staff who deemed my injuries to be insignificant and
even though some fractures were re-set and some of my lacerations cleaned
up the sentencing judge whom was hearing my criminal complaint brought against
me had ordered the prison to provide me with an MRI, other medical assessments
where only an x-ray was performed and a fracture to my eye socket area was
shown and other cranial damage, but to date no treatment or surgery was ever
performed to correct it, let alone an MRI or CT-Scan to test for any other
internal damage that may have been caused. I was charged with 18 U.S.C. §
111(A)&(B) Forcibly Assaulting and Resisting a Correctional Officer and
Inflicting Bodily Harm with a Dangerous Weapon (Count 1), and 18 U.S.C. §
1791(A)(2) Possession of a Prohibited Object (Count 2). I was not provided
competent counsel I received an impartial and prejudiced trial. I was never
allowed to present evidence I had requested of my attorney who did not follow
through with my request for exculpatory evidence (i.e., forensic evidence
on the alleged weapon I had supposedly used on Officer Wisniewski which was
tested later by the FBI lab. and was found to contain no trace DNA,
fingerprints of either Officer Wisniewski or myself; video security footage

from the numerous cameras inside Food Service's dining and kitchen areas
where the incident took place [this would have shown the brutal and excessive
physical force used to subdue, restrain and transport me to SHU] as well
as prove there was never a weapon involved as staff claim and provided during
my trial as well this footage would conflict with every staff's written
statement provided against me at trial, etc.) Since the date of that incident
I've been threatened to stop all action against FBOP staff in the form of
Administrative Remedies, requests for my legal materials that have been lost,
damaged or stolen by either the State of Pennsylvania's Dept. of Correctional
staff from Lackawana County Jail, U.S. Marshal Service or FBOP staff as well
as all my personal property I had at USP Canaan was never inventoried, packaged
and shipped to this facility that I had accumilated over the past 9+ years
being in the FBOP. I have been told by my Unit Team Counselor Mr. McClain
and Case Mgr. Mr. Smith that I could not, will not or ever have the chance
to recover or receive any of my lost legal or personal property. These
are the same staff members who in few words advised me that I "need to stop
any/or all pursuits against FBOP staff or my criminal conviction" and that
it would be in my "better interests" to do so.

While being seen by Doctor Tidwell for follow-up care for my injuries, he
was extremely pensive and hesitant to provide me with any treatment because
in his words "I know what you are doing and I'm not going to be a part of
it" he was assuming my legal pursuits were against USP-1 Coleman's medical
and compound staff which it is not since they are not the initial medical
staff or compound staff responsible for my injuries received, deliberate
indifference and refusal to provide me with proper medical attention I need
and have had a Judicial order to have it done. Even though he was cynical
and reluctant to proceed Dr. Tidwell did document truthfully what my ailments
were and provided requests for me to be MRI'd and seen by Specialists, but

I fear by staff's comments and actions that I will not get the medical
attention I need nor will I get any of my necessary correspondence, legal
materials or access to the courts without fear FBOP staff will do all they
can to intervene with my access to the courts for relief and intervention.
As you will notice by the envelope's return address I have to use others

who may also be at risk of attack from staff and use their own personal
mailing label and them to send my legal documents out since I have sent my
family and attorney before he withdrew from my case correspondence that they
both stated never got there.  I believe wholeheartedly that staff will either
ship me again where my medical needs will only worsen and still not be taken
care of and that these acts will further time bar me from access to any court
whether criminal or civil and I will not have justice and relief for all
the lies and actions taken against me from what was initiated by Officer
Wisniewski's disrespectful, discriminatory statements that had me react to
him in a physical manner but never did I use any weapon against him.  Yes,
I was definitely wrong for my actions and regret it every day, unknown to
the courts and jury at that time was that I had only less than 9 months before
my release to go home after serving over 9 years my actions were from months
of verbal insults and disrespect from Mr. Wisniewski because I signed for
a certain pay I was to receive and did not for over three months and was
diligently but respectfully trying to get him to resolve this issue.  Earlier
that day when I approached the staff's office and asked again when I would
be compensated for my work than did Mr. Wisniewski pick up a pack of Sardines
of his desk and throw it at me onto the floor as if I was a dog saying,
"Here's your fucking pay now get out of my face..." this was done earlier
on my shift where other inmates who saw and heard this staff members
disrespect towards me, even though what he said was extremely hurtful I had

ignored his comments and walked away.  In the testimony from Officer Wisniewski and his co-workers at trial they had stated I for the major part was a happy-go-lucky type of inmate, which I am and do my best not to be disrespectful or rude to inmates and staff alike.  As it also stated in the transcripts Mr. Wisniewski and his co-worker had persisted to disrespect me verbally by making the accusations I was drunk (also never stated or known to the jury that any accusations of any serious matter from staff towards inmates that warrant being sent to the Lieutenant's Office would mean said inmate was in for a beating behind close doors from staff than placed in SHU and transferred these allegations are supported by many Administrative remedies filed against USP Canaan's staff but I was not allowed to show in my defense due to my attorney's ineffectiveness) and I feared being sent to the Lieutenant's Office.  In the testimony I was allowed to get milk that I had and was found and taken to the staff's office where I went to get when I approached the milk crate to get my milk Officer Wisniewski started vebally insulting me and said many racist and ignorant statements towards me and I had finally had enough and started swinging my fists at him.  My actions were wrong an unjustifiable, but at no time did I use a weapon nor did I deserve to be assaulted the way I have been and all my property stolen, lost or taken away because of it.  Also, I don't deserve to be in so much pain or have to endure the severe physical seizures/attacks I have been getting that has caused me to break my clavicle and my forearm bones.  I pray this court will grant me this Injunction so I may have my day in Court and be treated medically for all my injuries and ailments.

The foregoing information is true and correct and under penalty of perjury I declare the information I have stated to be so.

Dated: December 14, 2015.          Signed: 12-14-2015

## MEMORANDUM OF LAW IN SUPPORT

## FOR AN ORDER FOR A TEMPORARY INJUNCTION

1) United States Constitution; First, Fifth, Sixth, Eighth, and Fourteenth Amendments:

a) First & Fourteenth Amendments: Freedom of Speech and Association & Right to Due Process: These rights were violated when prison officials denied me my legal property by means of being "lost or misplaced" when it was their duty to assure all my property is protected and provided to me upon request or transfer. Also, not allowing me to send, continue or obtain any/or all materials needed to file my timely appeals and grievances are a clear violation with my access to associate with the courts, family or outside organizations to provide relief.

b) Fifth, Sixth & Fourteenth Amendments: These rights were violated when prison staff intentionally fabricated evidence and testimonys against me to assure a conviction. (The First Circuit has held that detainees are denied due process when they are punished as a result of false charges made by staff members with the intent to cause them to be punished.) Suprenant v. Rivas, 424 F.3d. at 13-14. Due to the falsified statements against me at my trial I was found guilty and received a prison sentence of 15 years, this has caused me loss of my life, liberty and the actions taken in retaliation by staff by not protecting my personal and legal property has also caused me the loss of property. Due to my counsels lack of attention and attempt to provide me with a fair and impartial trial by not introducing evidence that was exculpatory and would have definitely changed the outcome of my sentence as well as his eagerness to withdrawal himself from my

case in his reasoning was because he felt there was nothing worthy to appeal. This has left me to my own devices and with FBOP staff outwardly stating that I should discontinue all efforts of appealing or seeking legal remedy for all my suffering this has clearly shown that my right to a fair hearing provided by competent and adequate counsel was denied to me and in violation of the Sixth Amendment.

c) Fourteenth Amendment: By not being properly assessed and diagnosed by competent, non-prejudicial or unbiased staff members my injuries would have been taken care of and whatever underlined and unseen injuries I sustained from the excessive and unnecessary use of force would also have been diagnosed and treatments would have been provided as well. To date I suffer extreme pain and seizures that I had never had before December 28, 2012. The Supreme Court explained that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Estelle v. Gamble, 429 U.S. 97,103 (1976). Just the basic radiological x-ray taken, seizures seen in court and prison staff (where some of it was transcribed by medical staff and not by others) the multiple broken bones received during these seizures and the fact that I still have hot been provided an MRI or CT-Scan to diagnose the complete extent of damage to my face and head has not been done is proof in itself the deliberate indifference I have received by FBOP medical staff.

d) Eighth Amendment: Because I have sustained unnecessary infliction of pain and injuries that has caused me great discomfort and has yet been remedied. Plus, the unwarranted sentence imposed upon me from the false allegations and statements at trial I am now deprived of my right to freedom and these punishments cruel and unusual for their intent is and has caused me great pain and suffering.

e) Turner v. Safley, 482 U.S. 78 (1987) states: "1- Is the regulation reasonably related to a legitimate, neutral governmental interest?; 2- Does the regulation leave open another way for you to exercise your constitutional rights?;  3- How does the issue impact other prisoners, prison guards or officials and prison resources?; and 4- Are there obvious, easy alternatives to the regulation that would not restrict your right to free expression?".  Since all I have requested and needed falls within all FBOP policy(ies) and all incoming and outgoing legal correspondence I've attempted to send or receive have been thwarted or interfered by FBOP staff, I cannot think or conceive of an idea that would be beneficial to me and staff I ask that this court assist in a solution that would at the least assure me that all my legal mail will be handled and processed as all other inmates mail has and not to be interfered with.  Not being able to receive my legal materials that have gone missing, lost or damaged has put great strain on my due diligence to file a timely appeal on my criminal conviction and my correspondence to my family and my once attorney also makes getting what I need done possible.

f) Iqbal v. Conner, 490 F.3d. at 165 (holding that detainee was entitled to procedural protection based directly upon the Due Process Clause where he was subjected to conditions so harsh as to comprise punishment, as well as under federal regulations that created a liberty interest, regardless of defendant's punitive intent); Suprenant v. Rivas, 424 F.3d. 5,17 (1st Cir. 2005) (holding detainees have a liberty interest in avoiding punishment); Holly v. Woolfolk, 415 F.3d. 678,679-80 (7th Cir. 2005) (noting holdings that "any nontrivial

punishment of a person not yet convicted [is] a sufficient deprivation of liberty to entitle him to due process of law"), **cert. denied, 546 U.S. 1151 (2006); Mitchell v. Dupnik, 75 F.3d. 517,523-24 (9th Cir. 1995); Zarnes v. Rhodes, 64 F.3d. 285,292 (7th Cir. 1995).** The First Circuit has held that detainees are denied due process when they are punished as a result of false charges made by staff members with the intent to cause them to be punished. **Suprenant v. Rivas, 424 F.3d. at 13-14. see Tilmon v. Prator, 368 F.3d. 521,524 (5th Cir. 2004)(per curiam)** (holding convicted but unsentenced prisoner is equivalent to a sentenced prisoner for Sandin purposes).

g)  **Sandin v. Connewr, 515 U.S. at 497 (Breyer J. dissenting) see id. at 472 (majority opinion)** (conditions "exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force"'and involves deprivations "so severe in kind or degree (or so removed from the -original terms of confinement-) that they amount to deprivations of liberty," regardless of the terms of state law). Having to walk around never knowing when I'll receive another seizure or knowing if my mail will get to the proper authorities, and being unable to timely be allowed to appeal my decision based on staff's false allegations so I can receive a harsher sentence  are evident of itself I have been exposed to harsh and cruel actions that clearly have deprived me of my personal freedom and the constant fear of reprisal from staff if I continue with any legal process or request deprives me of my right to my due process by law.


I pray this court will take all the facts into consideration and grant me my Order for Temporary Injunction so I can proceed with my legal process without fear of staff harassing, retaliating or unjustly transferring me so I can get

Page (4 of 5)

my appeal in the Third District Court, get all my medical ailments diagnosed and treated so I do not have to live like this or close to normalcy as possible and file a Civil suit for all the damage, pain, suffering, loss of liberty and personal and legal property anymore and hope I can one day receive the justice i rightfully deserve.

Dated: December 14, 2015.

Respectfully submitted,

12-14-2015

Mr. José Montalbán
Register #: 11497-179
FCC; Coleman USP-1
P.O. Box 1033/Unit-B
Coleman, Florida 33521-1033

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 6, 2015

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      COLEMAN I USP

TO  : JOSE MONTALBAN, 11497-179
      COLEMAN I USP    UNT: A/B    QTR: B01-125L
      P.O. BOX 1023
      COLEMAN,   FL 33521


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 840409-F2       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : NOVEMBER 5, 2015
SUBJECT 1       : PERSONAL LEGAL MATERIALS AND LAW BOOKS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 2: SEE REMARKS.

REMARKS         : THE INCIDENT YOU REFERENCE OCCURRED 7/2014; YOU HAD
                  TWENTY DAYS TO FILE YOUR REQUEST THROUGH THE
                  ADMINISTRATIVE REMEDY PROCESS.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 28, 2015

FROM: ADMINISTRATIVE REMEDY COORDINATOR
COLEMAN I USP

TO   : JOSE MONTALBAN, 11497-179
COLEMAN I USP   UNT: A/B   QTR: B01-125L
P.O. BOX 1023
COLEMAN,  FL 33521


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 840409-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : OCTOBER 26, 2015
SUBJECT 1      : PERSONAL LEGAL MATERIALS AND LAW BOOKS
SUBJECT 2      : OTHER MEDICAL MATTERS
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
THAN ONE INCIDENT REPORT (INCIDENT NUMBER).   YOU MUST
FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MUST PROVIDE MORE SPECIFIC INFORMATION (E.G. CASE NO.)
ABOUT YOUR REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED.

REJECT REASON 3: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: MONTALBAN   JOSE   #11497-179   "B"   FCC-COLEMAN   USP-①

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**   I SEND THIS REQUEST TO YOU MOM' OR SR.
(WARDEN); THIS IS ABOUT MY PROPERTY. (LEGAL DOCUMENTS FROM)
(U.S. COURT), I REQUEST TO MY COUNSELOR (B-UNIT) SINCE I ARRIVED
IN THIS UNIT, I WAS CONCERNED ABOUT MY PROPERTY, HOW I CAN
START MY APPEAL, FROM MY CASE (3:CR:13-0001) IF I DON'T
HAVE MY PROPERTY... I HAVE THE CONSTITUTIONAL RIGHT TO HAVE ACCESS TO
THE COURT (FEDERAL OR STATE)... (TWO) U.S. MARSHALL, TRANSPORT ME FROM (LACKAWANA
COUNTY JAIL), (SCRANTON, PA.) TO: USP-CANNAN, WITH MY LEGAL DOCUMENTS
JULY/2014

_11/02/2015_                    _11/02/2015_                    _____
DATE                                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

NOV 5

_____                              _____
DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 840409-FX2

                                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____                              _____
DATE                                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

Case 5:16-cv-00405-TPB-PRL   Document 1   Filed 06/20/16   Page 82 of 101 PageID 82

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

USP ①

From: MONTALBAN JOSE #11497-179 "B" FCC. COLEMAN
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**   I SEND THIS REQUEST TO YOU MDM OR SR. (WARDEN). THIS IS ABOUT MY PROPERTY, LEGAL DOCUMENTS FROM MY CASE (U.S. COURT).

I REQUEST TO MY COUNSELOR (B-UNIT) SINCE I ARRIVED IN THIS UNIT, I WAS CONCERNED ABOUT MY PROPERTY, HOW I START MY APPEAL, FROM MY CASE IF I DON'T HAVE MY PROPERTY.

I SUFFER AT INJURY IN MY LEFT CLAVICULE (LEFT SHOULDER) 7/22/2014.

10/23/2015
DATE

10/23/2015
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

OCT 26

DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 840400-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.

INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

MONTALBAN JOSE # 11497-179     "B"     [signature] 10/23/15

Inmate Name            Register No.        Quarters/Unit        Inmate Signature

1.  Specific complaint (one 8 ½ x 11" continuation page may be attached):
Did you received a response from (USP. CANNAN) pertaining
to my property? they're had my property since 2014
(legal property)

2.  What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?
COUNSELOR MCCLAIN "B" UNIT

3.  What action does the inmate wish to be taken to correct the issue?
RECOVER MY PROPERTY, "LEGAL DOCUMENT" FROM THE U.S. COURT

Correctional Counselor's Comments (including actual steps taken to resolve):
I have attempted to locate property for you at U.S.P. Canaan on Numerous occasions
at your request. The Staff there say that they do not have property there for
you

[signature]              10/23/15            Staff Circle One:

Correctional Counselor Signature      Date

                                      Informally Resolved      Not Informally Resolved

Unit Manager's Review:

[signature]              10/23/15

Unit Manager Signature         Date

Distribution by Correctional Counselor:
1. If complaint is informally resolved, forward original to Administrative Remedy Clerk for filing.
2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing:

| INF. RESOLUTION FORM ISSUED INMATE | INF. RESOLUTION FORM RETURNED TO COUNSELOR | BP-9 ISSUED TO INMATE | BP-9 RETURNED TO COUNSELOR | BP-9 DELIVERED TO ADMIN. REMEDY CLERK TO |
|---|---|---|---|---|
| Date: 10/23/15 | 10/23/15 | 10/23/15 | 10/23/15 | 10/24/15 |
| Time: 1030 | 11:00 | 11:15 | 12:00 | 1000 |
| Counselor: MM | [initials] | [initials] | [initials] | [initials] |

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) COUNSELOR : McCLAIN | DATE: 11/04/2015 |
|---|---|
| FROM: MONTALBAN Jose | REGISTER NO.: #11497-13a |
| WORK ASSIGNMENT: UNIT ORDERLY | UNIT: B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.

Sir, Can you Please Inform me of The status of My Legal Documents That was Lost By U.S. Marshall Service of Pennsylvania. when I was Taken from The County Jail To U.S.P Cannan. CAN you Please Also Notify Me of The Name of The U.S. Marshall Agent who Has called You In Reference To The Request of My Legal Documents! This Request IS Being Made In Conjunction with The filing of My B.P.8 and BP.9 which I Have Already Submitted Please I will Like To Know who from The U.S. Marshall's office Has Contacted You In Regards (Do not write below this line) To This Matter

DISPOSITION:

I was Contacted by the U.S. Marshals Service on 11/4/15 regarding a letter you sent to them pertaining to your legal work. They investigated your claim that they transported you from a local facility back to USP Canaan. You were on their manifest the day that you stated. You were transported with your legal work to USP Canaan. They do not have your legal work and will not respond to your letter for information because they don't have any to give you

| Signature Staff Member | Date 11/5/15 |
|---|---|

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**SECTION 6**

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member)<br>Counselor McLean | DATE:<br>10/22/2015 |
|---|---|
| FROM:<br>MONTALBAN JOSE | REGISTER NO.:<br>#11497-179 |
| WORK ASSIGNMENT:<br>NONE | UNIT:<br>B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

Did you receive a response from USP Cannan pertaining
to my property? They've had my property since 2014.
Thank You

10/22/2015

(Do not write below this line)

DISPOSITION:

I have attempted to locate the legal property that you
Claim was left at U.S.P Canaan when you transferred. According
to the staff there, R&D, SHU, and Unit team; there is
no property there.

| Signature Staff Member<br>M. M | Date<br>10/23/15 |
|---|---|

Record Copy - File; Copy - Inmate

PDF                                    Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**

BP-A0148
JUNE 10

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO : (Name and Title of Staff Member)  Northeast/Southeast Regional Counsel | DATE:  January 4, 2016 |
|---|---|
| FROM:  Jose Montalban | REGISTER NO.:  11497-179 |
| WORK ASSIGNMENT:  Rec. Spec. am | UNIT:  Unit-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

As you can see by the attached copies of Cop-Out request to my

Counselor, I do not and have not received the necessary copies

needed to attach to the Administrative Remedy I have enclosed

to your office.  I request if you do need proof of my purchases

that you can obtain this information from my SENTRY files as you

may deem necessary.  Please process my Administrative Remedy as

is without the attached commissary receipts as I had noted therein.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                          Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy FOLDER          **SECTION 6**

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Counselor Mr. McClain/Unit-B | DATE: November 7, 2015 |
|---|---|
| FROM: Jose Montalban | REGISTER NO.: 11497-179 |
| WORK ASSIGNMENT: Rec. Spec. am | UNIT: Unit-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

Mr. McClain I request to receive a copy of any/or all commissary

purchases I had made during the time period of December 1, 2007,

through to December 28, 2012. I need these receipts for legal

filings for my Tort action and Administrative Remedy. Please

provide me these copies and if necessary please withdrawal any/or

all fees that may be required to do so. If I need to fill out a

BP-199 Form please notify me and I will provide you with such.

Thank you for your full attention and understanding to my request.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                                    Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

**INMATE REQUEST TO STAFF** CDFRM
**-2nd Request-**

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Unit-B Counselor McClain | DATE: December 3, 2015 |
|---|---|
| FROM: Jose Montalban | REGISTER NO.: 11497-179 |
| WORK ASSIGNMENT: Rec Spec. | UNIT: Unit-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

This is my second request for a complete copy of all my commissary

purchases I've made from December 1, 2007, to December 28, 2012.

I need this paperwork to be able to file my tort and Administrative

remedies.  Thank you for your full cooperation.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                              Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

**SECTION 6**

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: 10/13/2015 |
|---|---|
| FROM: MONTALBAN JOSE | REGISTER NO. #1197-179 |
| WORK ASSIGNMENT: NONE | UNIT: 13" |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I REQUEST RESPECTFULLY TO

YOU MY M2M1'S OR SR. AT COPY OF

MY PROPERTY FORM WHEN I ARRIVED

IN THIS ISTITUTION FCC-COLEMAN USP-1 )

THANK YOU

10/13/2015

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-A383-058
SEP 05

# INMATE PERSONAL PROPERTY RECORD CDFRM

## U.S. DEPARTMENT OF JUSTICE

## FEDERAL BUREAU OF PRISONS

| Institution: COP | 1. Name: Montalban Jose |
|---|---|
| 2. Register No: 11497-179 | 3. Unit: | 4. Date & Time of Inventory: 7/15/14 4:00 |

5. Purpose of Inventory (Check one that applies): Date and Time of Action: 7/15/14 4:00

a. ___ Admission     b. ___ Hospital     d. ___ Writ     f. ___ Transfer     e. ___ Detention

f. ___ Release     g. ___ Incoming Package     h. ___ Other (specify)

6. Disposition (Disp.)
D-Donated     M-Mail     S-Storage
K-Keep in Possession
C-Contraband (Attach BP-S102)

### 7. Type of Property:

| a. Personally Owned Items | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| # | Article | Disp. | # | Article | Disp. | b. Hygiene, etc. # Article | Disp. | c. Food/Tobacco Items # Article | Disp. |
| | Batteries | | | Plastic spoon, cup | | | Dental Floss | | | Chewing tobacco | |
| | Belt | | | Playing Cards | | | Dentures | | | Snuff | |
| | Billfold | | | Purse | | | Deodorant | | | Coffee-tea | |
| | Books, Reading | | | Radio (w/earplug) | | | Hair oil | | | Cold drink mix, soda | |
| | hard ___ soft | | | Religious Medal | | | Noxema | | | Fruit | |
| | Book s, Religious | | | Ring | | | Powder | | | Honey, Hi-protein | |
| | hard ___ Soft | | | Shirt/Blouse | | | Razor | | | Instant chocolate | |
| | Brassiere | | | Shoes | | | Shampoo | | | Instant coffee | |
| | Cap, Hat | | | Shoes, shower | | | Shaving lotion | | | | |
| | Coat | | | Shoes, Slippers | | | Skin lotion | | | | |
| | Coins | | | Shoes, Tennis | | | Soap dish | | | | |
| | Comb | | | Shorts | | | Toothbrush | | | | |
| | Combination Lock | | | Skirt | | | Toothpaste | | | | |
| | Dress | | | Slip | | | | | | | |
| | Driver's License | | | Social Security Card | | | | | | | |
| | Earplugs | | | Socks | | | | | c. Miscellaneous (List any damaged | |
| | Eyeglass case | | | Socks, Athletic | | | | | property and from where it was received; | |
| | Eyeglasses | | | Stamps | | | | | e.g. U.S. Marshal) | |
| | Gloves | | | Stockings | | | | | | |
| | Hairbrush/Pick | | | Sunglasses | | | | | | |
| | Handkerchief | | | Sweater | | | | | | |
| | Jacket | | | Sweat pant | | | | | | |
| | Jogging Suit | | | Sweat Shirt | | c. Hobby craft | | | | |
| | Legal Materials | | | Trophy | | | | | | |
| | Letters | | | T-Shirts | | # Article | Disp. | | |
| | Magazines | | | Underwear | | | | | | |
| | Mirror | | | Watch/Watchband | | | | | | |
| | Nail Clippers | | | | | | | | | |
| | Pant/Slacks | | | | | | | | | |
| | Pen/Ballpoint | | | | | | | | | |
| | Pencils | | | | | | | | | |
| | Personal Papers | | | | | | | | | |
| | Photo Album | | | | | | | | | |
| | Photo | | | | | | | | | |

8. Items Alleged by Inmate to Have Value Over $100.00

Description of Property                                                                 Value Alleged by Inmate

No individual item over $100.00

9. Article(s) listed as "Mail" (M) Are to be forwarded to (Name and Address of Consignee):

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify it's accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated; receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve the discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under COMMENTS.

COMMENTS:

Printed Name/Signature of Receiving Officer: _____     Date: 7/15/14     Time: 4:00

I have today reviewed the property returned to me.     11497-179   7/15/14
_____
Signature of Inmate          Register #        Date          Time

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve the discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under COMMENTS.

COMMENTS:

Printed Name/Signature of Receiving Officer: _____     Date: _____     Time: _____

_____ed the property returned to me. _____
Register #          Date          Time



**ONRAD**, INC.

# Final Radiology Report

Report generated by:
Online Radiology Medical Group, Inc.
Phone: 951-786-0801 fax: 951-680-1671
QA@onradinc.com

Patient Name: **MONTALBAN JOSE,**
Institution Name: **AIQ Coleman FCC**
Study Type: **CT ORBIT**
Date: **12/7/2014 3:00:00 PM**
Patient DOB: **06-11-1972**
Patient ID: **11497-179**
Patient Location: **Outpatient**
Time Ordered: **12/10/2014 12:33:00 PM**
Time Faxed:

Accession Number: **BIG0066233**
Ordering Physician: **LOPEZ**

M. TIDWELL, MD
FCC COLEMAN

**Clinical History/Indication for Exam:**
RT ORBIT FX

CLINICAL HISTORY: Right orbit fracture.

TECHNIQUE: CT orbits without contrast (with sagittal reconstruction images)

COMPARISON: No study for comparison is available at the time of interpretation.

Orbital walls: Chronic fractures of the right lamina papyracea and right orbital floor. Subtle herniation of orbital fat through these fractures. The left orbital walls are intact.
Globes: Intact.
EOM's: No entrapment. Intact.
Optic nerve: Unremarkable.
Retrobulbar: No hemorrhage.
Soft tissues: No swelling, hematoma or foreign body.
Visualized sinuses: Clear.

IMPRESSION:

Chronic fractures of the right lamina papyracea and orbital floor.

Thank you for allowing us to participate in the care of your patient.

Dictated and Authenticated by: Matt Hudkins, M.D.
Dictated and Signed at:
12/10/2014 9:23:36 PM



## Bureau of Prisons
## Health Services
## Consultation Request

| Inmate Name: MONTALBAN, JOSE | Reg #: 11497-179 | Complex: COX |
|---|---|---|
| Date of Birth: 06/11/1972 | Sex: M | |

**Consultation/Procedure Requested:** Ophthalmology

**Subtype:** Dr. Patrowicz

**Priority:**

**Target Date:**

**Reason for Request:**
Pt had ct of R orbit which shows orbital frature R lamina papyracea and orbit floor these are chronic. will consult opthomology and Plastic surgery. for evaluation and treatment options.

**Medications (As of 05/13/2015)**
Naproxen 500 MG Tab  Exp: 06/28/2015  SIG: Take one tablet by mouth twice daily with food (wrist sprain 4/28/15)

**Allergies (As of 05/13/2015)**
Penicillins, Fluoxetine

**Health Problems (As of 05/13/2015)**
Shortness of breath, Other anxiety state, Knee and leg, sprain and strain, Unspecified internal derangement of knee, Other specified viral infection, Sprain and strain of other sites of knee and leg, Contusion of face, scalp, and neck except eye(s), Low back pain, lumbago, Eye, redness or discharge, Other injury to unspecified site, Dermatitis due to drugs and medicines, Dizziness and giddiness, Abdominal pain, Deferred, Psychosocial and environmental problems, GAF 51 - 70, Other spec disorders of stomach and duodenum, Multiple open wounds NOS, Myalgia and myositis, unspecified, Hypertension, Benign Essential, Influenza-Like-Illness (ILI), Knee, Pain in joint, lower leg, Ankle, foot-Pain in joint, Chest pain, unspecified, Chest pain, unspecified, Hypertension, Unspecified essential, Finger(s), fracture, closed, Abdominal pain, Abnormal bowel sounds, Esophageal reflux, Headache, Ankle, sprain and strain, Foot, sprain and strain, Other specified disorders of skin, Acute upper respiratory infection of unspec site, Pityriasis versicolor (Tinea flava, versicolor), General psych exam, requested by the authority, Hyperlipidemia, mixed, Significant Procedures, Esophagus, foreign body, Wrist, sprain and strain

**Inmate Requires Translator:** No        **Language:**

**Additional Records Required:**

**Comments:**

**Requested By:** Tidwell, Mark MD

**Ordered Date:** 12/12/2014 15:11

**Level of Care:** Medically Necessary - Non-Emergent

*Handwritten notes:*

M. TIDWELL, MD
FOR COLEMAN

42 yo # ♂ ℅ orbital Fx
OD ℅ intermittent
diplopia.

PERRL  Eoml  ⊖APD

CT orbits  12/14

Chronic Fx Ⓡ lamina papyracea
and orbital Floor

∠∠∠ enophthalmos OD  wnl OS
conj quiet OU  cornea clear OU
ac D&R OU  lens clear OU

Vsc < 20/30⁻¹
        20/30⁻¹

T 12
  12

DFE  Deferred dilation as.
pt became lightheaded and
disoriented after topical Fluorescein
Sodium Benoxinate hydrochlor. & drops. →

# Bureau of Prisons
# Health Services
# Consultation Request

| Inmate Name: | MONTALBAN, JOSE | | Reg #: | 11497-179 | Complex: COX |
|---|---|---|---|---|---|
| Date of Birth: | 06/11/1972 | | Sex: | M | |

**Report of Consultation**

Inmate Name: MONTALBAN, JOSE
Date of Birth: 06/11/1972
Institution:  COLEMAN USP
846 NE 54TH TERRACE
COLEMAN, Florida 33521
3526896000

Reg #:   11497-179
Sex:     M

① Orbital Fracture with enophthalmos OD
and intermittent diplopia —

— Refer to Oral Maxillo Facial
for evaluation / management

*(signature)* MD

5/15/15

Completed By:

**Report may be hand-written or (preferably) typed on this form. If dictated on office or hospital letterhead to follow, please indicate essential findings or recommendations to be acted upon pending final report.**

**Follow-up services and primary responsibility for inmate health care remains with Bureau of Prisons staff. While discussion of diagnostic/treatment options with the inmate may be appropriate, they are subject to review by the inmate's primary care provider, the institution utilization review committee and/or the BOP National Formulary.**

**Please notify institution prior to scheduling surgery dates or follow-up appointments.**

**Inmate not to be informed of appointment dates.**

*INITIAL Medical Assessment Shortly After the Assault And use of excessive force*

**Bureau of Prisons**
**Health Services**
**Clinical Encounter**

| | |
|---|---|
| Inmate Name: MONTALBAN, JOSE | Reg #: 11497-179 |
| Date of Birth: 06/11/1973 | Facility: CAA |
| Encounter Date: 12/28/2012 19:40 | Sex: M  Race: WHITE  Provider: Burgerhoff, Patricia RN  Unit: Z01 |

Injury Assessment-Not Work Related encounter performed at Special Housing Unit.

**SUBJECTIVE:**

**INJURY 1**     **Provider:**   Burgerhoff, Patricia RN

    **Date of Injury:**     12/28/2012 19:40     **Date Reported for Treatment:**     12/28/2012 21:30
    **Work Related:**     No     **Work Assignment:**     SHU UNASSG
    **Pain Location:**     Generalized
    **Pain Scale:**     0
    **Pain Qualities:**
    **Where Did Injury Happen (Be specific as to location):**
        Food Service office.
    **Cause of Injury (Inmate's Statement of how injury occurred):**
        PER OPERATIONS LT. REQUEST.
    **Symptoms (as reported by inmate):**
        "None".

**OBJECTIVE:**

**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 12/28/2012 | 21:30 CAA | 97.1 | 36.2 | Tympanic | Burgerhoff, Patricia RN |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 12/28/2012 | 21:30 CAA | 93 | Radial | Regular | Burgerhoff, Patricia RN |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 12/28/2012 | 21:30 CAA | 18 | Burgerhoff, Patricia RN |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 12/28/2012 | 21:30 CAA | 148/88 | Right Arm | Standing | Adult-large | Burgerhoff, Patricia RN |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 12/28/2012 | 21:30 CAA | 99 | Room Air | Burgerhoff, Patricia RN |

**Exam:**

  **General**
    **Affect**
      Yes: Cooperative
    **Appearance**
      Yes: Appears Well, NAD, WD/WN, Alert and Oriented x 3
      No: Unconscious, Lethargic, Dyspneic, Appears in Pain, Writhing in Pain, Appears in Distress, Diaphoretic
  **Skin**

| Inmate Name:   MONTALBAN, JOSE | | Reg #:   11497-179 |
|---|---|---|
| Date of Birth:   06/11/1973 | Sex:   M   Race:   WHITE | Facility:   CAA |
| Encounter Date: 12/28/2012 19:40 | Provider:   Burgerhoff, Patricia RN | Unit:   Z01 |

**Exam:**

> **General**
>> Yes: Skin Intact, Dry, Warmth, Tenderness, Erythema
>>
>> No: Diaphoretic
>
> **Trauma**
>> Yes: Ecchymosis
>>
>> Contusion to both eyes, right eye moderate swelling/ecchymotic. Left eye with mild swelling. Contusion mid left forehead.

> **Eyes**
>> **General**
>>> Yes: PERRLA
>>
>> **Periorbital/Orbital/Lids**
>>> Yes: Periorbital Edema, Trauma, Contusion(s), Ecchymosis
>>
>> **Conjunctiva and Sclera**
>>> Yes: Subconjunctival Hemorrhage L

> **Nose**
>> **General**
>>> Yes: Nares Patent, Anterior Epistaxis
>>>
>>> Contusion mid nose, mild swelling noted. Epistaxis ceased. No boney deformities noted.

> **Pulmonary**
>> **Observation/Inspection**
>>> Yes: Normal
>>>
>>> No: Respiratory Distress
>>
>> **Auscultation**
>>> Yes: Clear to Auscultation

> **Cardiovascular**
>> **Observation**
>>> Yes: Normal Rate, Regular Rhythm

> **Peripheral Vascular**
>> **Arms**
>>> Yes: Radial Pulse Normal, Capillary Refill Normal
>>
>> **Legs**
>>> Yes: Posterior Tibialis Normal, Capillary Refill Normal

> **Musculoskeletal**
>> **Gait**
>>> Yes: Normal Gait

> **Neurologic**
>> **GCS-Eye Opening Response**
>>> Yes: Spontaneous-Open With Blinking At Baseline-4 pts
>>
>> **GCS-Verbal Response**
>>> Yes: Oriented - 5 points
>>
>> **GCS-Motor Response**
>>> Yes: Obeys Commands for Movement-6 points
>>
>> **Level of Consciousness**
>>> Yes: Alert and Oriented x 3
>>>
>>> No: Lethargic

**ASSESSMENT:**

| Inmate Name: MONTALBAN, JOSE | | | Reg #: 11497-179 |
|---|---|---|---|
| Date of Birth: 06/11/1973 | Sex: M Race: WHITE | | Facility: CAA |
| Encounter Date: 12/28/2012 19:40 | Provider: Burgerhoff, Patricia RN | | Unit: Z01 |

Other

AA Ox3, ambulatory steady gait. VSS. SpO2 99%RA. Lungs clear bilaterally. Denies any SOB. Denies any dizziness, or n/v. Denies any pain. Contusion left mid forehead, mild swelling. Contusion to left eye, ecchymotic and mild swelling, subconjunctival hemorrhage noted. Contusion to right eye, with moderate swelling/ecchymotic. PERRLA. Denies any blurred vision. Superficial abrasions noted on face, mid chest. Contusion mid nose, mild swelling noted. No boney deformities. Epistaxis ceased. Nares patent. Denies any breathing difficulties. Neuro checks intact. Answers questions appropriately. Voices no complaints. Wound care performed. NAD.

**PLAN:**

**Disposition:**

Follow-up at Sick Call as Needed
Return Immediately if Condition Worsens

**Patient Education Topics:**

| **Date Initiated Format** | | **Handout/Topic** | **Provider** | **Outcome** |
|---|---|---|---|---|
| 12/28/2012 | Counseling | Access to Care | Burgerhoff, Patricia | Verbalizes Understanding |

**Copay Required:** No          **Cosign Required:** Yes
**Telephone/Verbal Order:** No

Completed by Burgerhoff, Patricia RN on 12/28/2012 22:35
Requested to be cosigned by Dobushak, Walter D.O./CD.
Cosign documentation will be displayed on the following page.

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: MONTALBAN, JOSE | | Reg #: 11497-179 |
| Date of Birth: 06/11/1973 | Sex: M   Race: WHITE | Facility: CAA |
| Encounter Date: 01/25/2013 14:18 | Provider: Baron, Timothy L. | Unit: Z06 |

Evaluation encounter performed at Special Housing Unit.

## SUBJECTIVE:

COMPLAINT 1     Provider: Baron, Timothy L. Paramedic

Chief Complaint: Nausea/Vomiting

Subjective: Inmate returning to institution by the US Marshalls. The Marshalls report that while in transit the inmate became ill, complaining of nausea and vomiting "a few times" He no presents conscious alert and oriented. He continues to c/o nausea. He also c/o a slight headache. Phyiscal exam is unremarkable. He is febrile @ 100.4 orally. Other vital signs are stable. MD notified who ordered a clear liquid diet x3 days. He is to follow up with HSU staff with any continuing or worsening symptoms.

Pain Location:
Pain Scale:
Pain Qualities:
History of Trauma:
Onset:
Duration:
Exacerbating Factors:
Relieving Factors:
Comments:

## OBJECTIVE:

Temperature:

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 01/25/2013 | 14:21 CAA | 100.4 | 38.0 | Oral | Baron, Timothy L. Paramedic |

Pulse:

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 01/25/2013 | 14:21 CAA | 76 | Radial | Regular | Baron, Timothy L. Paramedic |

Respirations:

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 01/25/2013 | 14:21 CAA | 16 | Baron, Timothy L. Paramedic |

Blood Pressure:

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 01/25/2013 | 14:21 CAA | 142/84 | Right Arm | Lying | Adult-regular | Baron, Timothy L. Paramedic |

SaO2:

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 01/25/2013 | 14:21 CAA | 99 | Room Air | Baron, Timothy L. Paramedic |

Exam:

## ASSESSMENT:

Gastrointestinal Upset

| Inmate Name: MONTALBAN, JOSE | | Reg #: 11497-179 |
|---|---|---|
| Date of Birth: 06/11/1973 | Sex: M Race: WHITE | Facility: CAA |
| Encounter Date: 01/25/2013 14:18 | Provider: Baron, Timothy L. | Unit: Z06 |

**PLAN:**

**Disposition:**

    Follow-up at Sick Call as Needed
    Return Immediately if Condition Worsens
    Return To Sick Call if Not Improved
    Notify Medical Duty Officer

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 01/25/2013 | Counseling | Access to Care | Baron, Timothy | Verbalizes Understanding |

**Copay Required:** No        **Cosign Required:** Yes
**Telephone/Verbal Order:** No

Completed by Baron, Timothy L. Paramedic on 01/25/2013 14:24
Requested to be cosigned by Dobushak, Walter D.O./CD.
Cosign documentation will be displayed on the following page.

Federal Bureau of Prison's                    January 4, 2016
Office of Internal Affairs
320 First Street, N.W.
Room 600
Washington, DC 20534

Re: Staff reprisal and retaliation...

To Whom it May Concern:

My name is Jose Montalban and I was involved in an assault
with a Food Service Supervisor on December 28, 2012. I was during
the altercation subdued and shackled by numerous FBOP USP Canaan
staff members answering to the body alarm alert for staff assistance
in Food Service. My altercation with Mr. Wisniewski (Food Service
Supervisor I was in an altercation with) I was only using my fists
and at NO point did I have a weapon EVER! I was charged with an
Assault with a Dangerous Weapon on Staff and was subsequently found
guilty and sentenced to an additional 15 years in prison. I was
already finishing a prior conviction where I have already sevred
over 10 years and had only 9 months left before I was eligible for
release. However, during this altercation I sustained numerous
internal and external injuries to my person. I was assaulted
several times during the course of this evening. Of all the evidence
I had requested during my Trial any/or all video security footage
was never preserved by USP-Canaan's staff or ever intoduced into
discovery. If these videos were to be preserved as I had requested
it would have clearly shown A) I never had any weapon and in fact
staff had lied about discovering one during their "Hot search" and
it would clearly show how staff used excessive force to seperate
me from Officer Wisniewski, while they were cuffing and shackling
me and after I was cuffed and shackled B) How they used my head as
a battering ram to open every egress from Food Service to Medical
then from Medical to SHU as well as jabbing me with their security
keys, punching me and kicking along each way. I was also stripped
naked in Medical and 7 Officers out of the 13 whom were the known
and unknown participants in assaulting me had again while naked
started to punch and kick me and at one point put me in a choke
hold where two other officers were holding my arms from trying to
get out of it. Before I blacked out I was body slammed to the
floor and they proceeding to kick me, at some point RN Burgerhoff

Page (1 of 3)

entered the room where these staff members were still assaulting me and when she asked what were they doing all these staff members stated, "...oh he just fell...". My body was severely bruised, swollen and cut up from these assaults and fro over thirteen days my eyes were so swollen I couldn't even open them to see. I was placed in SHU awaitng sanctions and was not giving anything to eat and staff had stated to any who asked that i was on a Hunger Strike which was a lie. My cell-mate in SHU was giving me ½ of his meals to help sustain me all the while every staff member who worked in SHU would kick the door and look in and make the statement "He's not dead yet!" and C) Never once was I giving anything to alleviate my pain and suffering.

To date I've broke my collar-bone my forearm bones during seizures I've been having since this assault on me and Medical still have not done any tests to explore my internal damages nor to correct my many cranial fractures they have documented by basic radiological tests (X-Ray) or sent me to be seen by any outside specialists such as a Neuro or Orthopedic Surgeons to diagnose and order treatment for these injuries.

What has occurred is staff insisting that I in "my best interest" should stop any/or all actions in attempting to ask for assistance or resolution whether by Cop-Out, Administrative Remedy, Motions/Petitions/Requests for the Courts to intercede and/or my many attempts to contact the attorney who represented me or my family. My mail has been thwarted from either coming and going from the Institution, at one point my Court Sentencing/Trial minutes were sent back to my attorney 'three times' and the legal materials sent were also to include my discovery, Jencks and Brady materials and when I did finally receive my legal materials those items (discovery, Jencks and Brady materials) were not within and my legal mail was opened in my presence but it was not everything I was to have received from my attorney.. Also, it is very clear that Medical here are extremely apprehensive in wanting to provide me with the necessary treatment and professional help I've been requesting ever since I have arrived here to USP-1 Coleman.

I request a full investigation into my allegations made since I swear under penalty of perjury that all my foregoing statements are correct and true under the Rules of Civil Procedure and Rules of Criminal Procedure. I want all contributing staff from USP Canaan and any staff at USP-1 Coleman who assist these same assaulting and corrupt staff prosecuted by the full extent of the law governing their respective jurisdictions and that any/or all penalties be imposed as such. Furthermore, I want a re-hearing into my criminal prosecution for Assault With a Dangerous Weapon Against Staff for I was never in possession nor have I used at any time a weapon while I was assaulting Officer Wisniewski, and that all reporting staff had concocted a story to cover-up their actions during and after this altercation. I'm not innocent of fighting Officer Wisniewski and I accept full responsibility for my actions, but I will not and cannot accept the accusation or punishment I have received for using a weapon I had NEVER POSSESSED during this altercation with staff. If I was giving a fair and impartial Trial with adequate representation it would have clearly shown that my use of a weapon would have been proven false and the witnesses used against me were perjured themselves in court and either a dismissal, re-trial, or acquittal would have been awarded. I don't make these statements lightly and if your office does a thorough investigation you would clearly see I've been mis-treated and prejudiced entirely.

Dated: January 4, 2016

Respectfully submitted, *without prejudice*
*All Rights reserved*

Mr. Jose Montalban
Register #: 11497-179
FCC; Coleman USP-1
P.O. Box 1033/Unit-B
Coleman, Florida 33521-1033